WILLIAMS, Judge.
This is an appeal from a jury decision finding defendant Glenn Wade guilty of simple burglary in violation of La.R.S. 14:62.
The State adduced the following facts at trial: On December 5,1972, Albert Westley received a telephone call informing him that a burglary was taking place in a vacant rental property that he owned. West-ley’s son called the police, and Westley and his wife went to the house. When they arrived, they saw defendant Wade leaving the house carrying draperies that had been hanging inside. Westley held defendant at gunpoint until the police arrived. Both the police and Westley testified that a kitchen window had been broken and raised and that the burglar bars covering the window had been bent. The police arrested defendant. At trial, the Westleys testified that they did not know defendant and had not given him permission to enter their property or to remove the draperies.
Defendant appeals his conviction, asserting that the evidence presented at trial was insufficient to convict him. We disagree. We have reviewed the evidence in a light most favorable to the prosecution and find that a rational trier of fact could have found defendant guilty of simple burglary beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Defendant was seen exiting from a dwelling which he was not authorized to enter and had in his possession items which he was not authorized to have by their owner. Although the defense asserts that the state failed to prove criminal intent, these facts dearly present a situation in which intent may be inferred from defendant’s actions. See State v. Graham, 420 So.2d 1126 (La.1982); State v. McDermitt, 406 So.2d 195 (La.1981).
For the foregoing reasons, defendant’s conviction and sentence are affirmed.