KLIEBERT, Judge.
Defendant, Stoy Signal, was charged by bill of information with the February 2, 1984 armed robbery of Larry Dillon, in violation of La.R.S. 14:64. Initially defendant pleaded not guilty, however, on August 20, 1984, pursuant to a plea bargain agreement he changed his plea to guilty as charged, reserving his right to appeal the trial court’s ruling on his motion to suppress identification under the ruling of State v. Crosby, 838 So.2d 584 (La.1976).[1]
Thereafter, the court sentenced the defendant to twenty (20) years at hard labor without benefit of probation, parole or suspension of sentence. It is this conviction and sentence from which the defendant appeals.
The record shows that on February 2, 1984, at approximately 8:00 p.m., Stoy Signal entered the Radio Shack located at 5100 Westbank Expressway in Gretna, Louisiana and took from the store manager, Larry Dillon, approximately $653.59 at gunpoint. He was observed leaving the store by Sandra Sullivan, who followed the getaway car in her vehicle. Sullivan obtained the license number of the get-away car and an accurate description of the vehicle and its driver. With this information, the police apprehended the defendant approximately two hours after the robbery. At the Gret-na police station Dillon quickly and positively identified the defendant and Sullivan identified the driver of the get-away car.[2]
The defendant contends that the trial court committed reversible error when it denied the defendant’s motion to suppress the identification made by Dillon on the alleged grounds that the circumstances under which the identification was made unduly suggested that he was the perpetrator of the crime for which he was charged.
In State v. Robinson, 404 So.2d 907 (La.1981), the Louisiana Supreme Court designated the appropriate criteria to be considered when examining the validity of an out-of-court identification. The court stated, at 404 So.2d 907, that:
“In reviewing the constitutional issue of the identification procedure, the United States Supreme Court in Manson v. Brathwaite, supra at 432 U.S. [98] 107, 97 S.Ct. [2243] at 2247 [53 L.Ed.2d 140], made a double inquiry:
(1) Did the police use an impermissibly suggestive procedure in obtaining the out-of-court (in-field) identification?
(2) If so, did that suggestive procedure, under all of the circumstances, give rise to a substantial likelihood of irreparable misidentification?
Therefore, even if the identification procedure was impermissibly suggestive, the defendant’s right to due process is not violated unless there is a substantial likelihood of misidentification. It is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure. Manson v. Brathwaite, supra; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Guillot, 353 So.2d 1005 (La.1977).
At the suppression hearing, the testimony revealed that the victim saw the defendant in handcuffs in the custody of police officers at the police station following the defendant’s arrest. The defendant was the *1377 only suspect in the room at the time the victim positively identified the defendant as the person who committed the armed robbery.
One-on-one confrontations between the suspect and the victim are permissible when justified by the overall circumstances. State v. Marchese, 430 So.2d 1303 (1st Cir.1983); State v. Dauzat, 364 So.2d 1000 (La.1978); State v. Kelly, 362 So.2d 1071 (La.1978). Under circumstances similar to the circumstances in this case, an in-field identification was upheld where a subject was viewed by the victims immediately after an arrest and at a time when the subject was handcuffed and in the custody of uniformed police officers. State v. Robinson, 404 So.2d 907 (La.1981). One reason for declining to disapprove such procedures is that they promote fairness by assuring reliability and the prompt release of innocent suspects. State v. Dunbar, 356 So.2d 956 (La.1978).
There are five factors to consider in determining whether an identification, although perhaps suggestive, was nevertheless reliable: (1) The opportunity to view; (2) The degree of attention; (3) The accuracy of the description; (4) The witness’ level of certainty; and (5) The time between the crime and the confrontation; State v. Johnson, 443 So.2d 744 (4th Cir.1983); State v. Guillot, supra.
The record reflects that the victim made an accurate identification of the defendant as to his particular physical characteristics, and as to the shower cap and grey uniform shirt (with the name “Solomon” on it) which were worn by the subject during the robbery. The victim observed the robber enter the Radio Shack and look around the store. The defendant spoke to the victim ordering him to open the cash register and to put his hands down before the defendant grabbed the money and fled. The victim had an unobstructed, clear view of the robber. He positively identified the defendant and did so within a few hours after the crime occurred.
The trial court’s determination of admissibility is to be given great weight and should not be disturbed unless a preponderance of the evidence clearly mandates otherwise. State v. Smith, 418 So.2d 515 (La.1982); State v. Stewart, 387 So.2d 1103 (La.1980).
We conclude that the trial court did not abuse its discretion and that the record clearly establishes the reliability of the infield identification under the circumstances present in this case. We therefore affirm the conviction and sentence.
AFFIRMED.

. Defendant’s guilty plea was pursuant to a plea bargain agreement entered into on June 27, 1984. The plea was conditioned on his receiving a twenty (20) year maximum sentence for the armed robbery. Additionally, the state agreed not to bill defendant as a multiple offender.

. Officers initially brought the victim, Larry Dillon, into a room at the police station which contained several suspects. He was unable to identify the defendant from these suspects, but he was then brought into an adjoining room where he immediately identified the defendant.