517 So.2d 366 (1987)
STATE of Louisiana
v.
Danny JACKSON.
No. 87-KA-363.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1987.
*367 Louise Korns, of counsel, Office of the Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Danny Jackson, was charged by bill of information with armed robbery, in violation of LSA-R.S. 14:64. He was tried before a twelve person jury on November 4-5, 1986 and found guilty as charged. Thereafter the trial judge sentenced the defendant to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. On appeal, the defendant relies on six arguments for reversal of his conviction and sentence.

FACTS
At approximately 9:30 p.m. on May 16, 1986 the victim, Maria Smith, was robbed at gunpoint in a Delchamps grocery store parking lot in Kenner, Louisiana. According to the victim, a man, whom she thought was a Delchamps employee, spoke to her and gave her a shopping cart as she entered the store. When she exited the store, the same man was sitting on the trunk of her car and as she placed the groceries in her car, he threatened her with a gun and grabbed her purse containing about $100 and her wedding ring. The man then ran but was seen by three men sitting in a truck about eight feet away, two of whom jumped out and gave chase. The robber turned, faced the two men, and pointed the gun at them, causing them to run back to the truck. The men then observed the robber get into a waiting van, and they followed the get-away vehicle. After about twenty minutes, the men alerted police Officer Holtzclaw, who joined the chase, and finally stopped the van just after it entered the interstate heading east. The defendant and the driver of the van were ordered out of the van and detained there until police Officer Geisinger arrived with the victim, who immediately identified the defendant as her assailant. The defendant and the driver of the van were then arrested and taken to the Kenner lockup where the defendant gave a confession to police Officer Caraway. After the arrests, police Officer Geisinger impounded the van and seized a gun from the floor of the van during this process.

SUPPRESSION OF EVIDENCE
Before trial, defendant moved unsuccessfully to suppress his identification, confession, and the gun seized from the vehicle he was in at the time of arrest, which he reurges in this appeal.
Defendant's counsel argues that the victim's identification of the defendant as the robber should have been suppressed because it occurred in bad lighting, in a one-on-one confrontation with the defendant in handcuffs and wearing a different shirt *368 from the one described as worn by the robber, and after the victim was told by Officer Geisinger that defendant was the robber.
One-on-one confrontations between the suspect and the victim, while not favored by the law, are permissible when justified by the overall circumstances. State v. Robinson, 404 So.2d 907 (La.1981). One reason for declining to disapprove such procedures is that they promote fairness by assuring reliability and the prompt release of innocent suspects. State v. Robinson, supra.
A defendant attempting to suppress an identification must prove two things: (1) that the identification was "suggestive", and (2) that there was a likelihood of misidentification in the identification procedure. State v. Robinson, supra.
There are five factors to consider in determining whether an identification, although perhaps suggestive, was nevertheless reliable: (1) the opportunity to view; (2) the degree of attention; (3) the accuracy of the description; (4) the witness' level of certainty; and (5) the time between the crime and the confrontation. State v. Signal, 467 So.2d 1375 (La.App. 5 Cir.1985).
In the instant case the victim testified at the suppression hearing that within an hour after the robbery, she was asked to accompany Officer Geisinger to identify someone whom he said "they had ... over there and they wanted to know if it's the right person." She was then shown the defendant in handcuffs and made a positive identification on the basis of his physical characteristics, in particular his long braided hair, though she noted that he was wearing a different colored shirt. In addition, during the robbery the victim spoke with the defendant in a face-to-face encounter in a well-lit place. The robber was observed getting into a waiting van, which was chased until stopped by the police some thirty minutes later. We conclude that the record establishes the reliability of the in-field identification. This is not a case of mistaken identity. This assigned error lacks merit.
Defense counsel complains that the defendant's confession was improperly admitted into evidence, in that, the statement was taken after defendant refused to waive his rights to an attorney as indicated by the "Advice of Rights" form.
The defendant testified at the suppression hearing that he voluntarily gave Officer Caraway a statement, but not a confession, and that although it was his signature on the confession, he had signed blank pages. However, the defendant did not assert in his testimony anything to indicate that he was threatened or induced by the police into giving a statement.
The officer who took the defendant's statement testified that the defendant confessed to the robbery after being advised of his rights and waiving them. The officer testified that he indicated this by placing an "X" mark in the appropriate box on the "Rights" form, though he observed at the hearing that the "X" mark extended into the box which designated that rights were not waived.
After hearing the conflicting testimony, the trial judge denied defendant's motion to suppress the confession apparently finding the officer's testimony more credible. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of the confession are entitled to great weight and will not be overturned on appeal unless they are not supported by the evidence. State v. Toups, 499 So.2d 1149 (La.App. 5 Cir.1986), writs denied, 501 So.2d 772 (La. 1987). We see no error in the trial court's ruling here. This assigned error lacks merit.
Defense counsel complains that after the arrest of the defendant, the police seized a gun from the van without first obtaining a search warrant making the evidence inadmissible under the Fourth Amendment of the United States Constitution.
Warrantless searches and seizures are per se unreasonable under the Fourth Amendment of the United States Constitution *369 and Article 1, Sec. 5 of the Louisiana Constitution of 1974, unless they fall within a limited number of well delineated exceptions to the warrant requirement. State v. Chaney, 423 So.2d 1092 (La.1983). Absent a warrant, the state has the burden of proving that the search is justified by one of the exceptions to the warrant requirement. LSA-C.Cr.P. art. 703(D).
The evidence presented by the state at the suppression hearing shows that the gun was seized from the van after its impoundment and during an inventory of its contents.
The state urges the legality of this seizure under the "automobile emergency exception." This exception supports a warrantless search when the police officer has probable cause to believe that the vehicle stopped contains contraband or evidence of a crime; and given the probable cause the vehicle can be searched even after it is impounded and in police custody. State v. Guzman, 362 So.2d 744 (La.1978).
In the instant case, police Officer Geisinger had the information that defendant made his get-away from the armed robbery in the same van from which he was arrested some thirty minutes later. Thus, he had probable cause to believe that the gun used in the robbery would be in the van. Instead of searching this vehicle on the interstate where it was stopped, it was impounded in police custody and the gun was seized then. Hence, this assigned error lacks merit.

SUFFICIENCY OF EVIDENCE
The defense attorney next appeals the sufficiency of the evidence presented by the state for the defendant's conviction.[1]
The armed robbery statute states, in pertinent part, that:
"Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon ..." LSA-R.S. 14:64.
The state's evidence both direct and circumstantial must prove sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. LSA-R.S. 15:438; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The evidence here is sufficient to support the defendant's armed robbery conviction: the defendant while armed with a gun forced the victim to give up her purse containing her cash and jewelry. This assigned error lacks merit.

EXCESSIVE SENTENCE
Defense counsel complains that the trial court failed to follow the mandatory sentencing guidelines of LSA-C.Cr.P. art. 894.1 when imposing the twenty-five year sentence on the defendant, and that the twenty-five year sentence is excessive.
A sentence will not be remanded by this Court to the trial court for inadequate compliance with the sentencing guidelines contained in LSA-C.Cr.P. art. 894.1 unless a review indicates that the sentence is apparently severe or without record justification. State v. Gordon, 504 So.2d 1135 (La. App. 5 Cir.1987).
The twenty-five year sentence imposed upon the defendant is not apparently severe, especially in light of the fact that Jackson was convicted of the instant armed robbery while on parole from a previous serious offense. State v. Square, 433 So. 2d 104 (La.1983). Accordingly, the defendant's sentence is affirmed. This assigned error lacks merit.

ERRORS PATENT
The defense counsel urges that we review the record for errors patent; we have found none. LSA-C.Cr.P. art. 920.
*370 Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The State, in its brief, alleges that this Court cannot review the defendant's conviction to determine whether it is based on sufficient evidence because the question of the sufficiency was at no time raised in the trial court. The sufficiency claim is properly before this court because raised on appeal by assignment of error. State v. Falls, 508 So.2d 1021 (La.App. 5 Cir.1987).