GOTHARD, Judge.
The defendant, David A. Hays, was charged on September 26, 1986 by a bill of information with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2 He pled not guilty. His motion to suppress identification was heard and denied on February 17, 1987. On February 20, 1987, a twelve-person jury found him guilty as charged in a vote of ten to two. He was sentenced to three years at hard labor, the first year to be served without benefit of parole, probation, or suspension of sentence. He has appealed the conviction, listing five assignments of error.
FACTS:
On September 26, 1986, at about 7:00 a.m., Aurelia Rodriguez opened the door of her home in Westwego and went outside to put the garbage out. She reentered, leaving the door unlocked, and went into the bathroom. She heard a noise in the dining room, went in, and saw a man standing by the table. He had her purse in one hand and in the other a twenty dollar bill, allegedly put there earlier by Mrs. Rodriguez. Although she did not see the man’s face she saw that he was wearing a blue shirt with white writing on the back. The man *1352 threw the purse to the floor, put the twenty dollar bill in his pocket, and ran away. Mrs. Rodriguez chased the man through her back yard and into the next yard.
Deputy Lloyd Chapman was near Mrs. Rodriguez’s house at about 7:00 a.m., having been informed that a suspicious looking male was in the area attempting to break into automobiles. That person . was described as a male in his early twenties, wearing a sleeveless blue shirt with the number “4” in white on the back. Chapman saw and stopped the defendant, who met the description, a block from the victim’s home. Chapman asked the defendant to go with him; he acquiesced and got into the back of the police car. A citizen then flagged down Chapman and told him of the burglary of Mrs. Rodriguez’s house. Chapman drove there, where Mrs. Rodriguez viewed the defendant as he sat in the car and identified him as the intruder in her house. Chapman then arrested the defendant and brought him to the police station. Among the contents of his pockets was a crumpled twenty dollar bill.

Assignment of Error No. 1:

The trial court erred in denying defendant’s motion to suppress.
Counsel for the defendant maintains that Mrs. Rodriguez’s identification of Hays in the police car was no identification at all, as she had not identified the face of the suspect. Mrs. Rodriguez testified that Hays had “not let her see his face;” however, she was positive Hays was the intruder because she recognized the blue shirt he was wearing, even though she was unable to see his back in the police car. She said, “I did not see his face, but it was the same clothes, the same shirt.”
A summary of the law regarding out of court identification appears in State v. Jackson, 517 So.2d 366, 368 (La.App. 5th Cir.1987), as follows:
One-on-one confrontations between the suspect and the victim, while not favored by the law, are permissible when justified by the overall circumstances. State v. Robinson, 404 So.2d 907 (La.1981). One reason for declining to disapprove such procedures is that they promote fairness by assuring reliability and the prompt release of innocent suspects. State v. Robinson, supra.
A defendant attempting to suppress an identification must prove two things: (1) that the identification was “suggestive”, and (2) that there was a likelihood of misidentification in the identification procedure. State v. Robinson, supra.
There are five factors to consider in determining whether an identification, although perhaps suggestive, was nevertheless reliable: (1) the opportunity to view; (2) the degree of attention; (3) the accuracy of the description; (4) the witness’ level of certainty; and (5) the time between the crime and the confrontation. State v. Signal, 467 So.2d 1375 (La.App. 5 Cir.1985).
Hays was clearly shown to Mrs. Rodriguez as a suspect, although he was not under arrest and handcuffed, as he was in the police car and she was asked whether he was the person who was in her house.
Mrs. Rodriguez had been in the same room with the burglar and then had followed him out of the house, so that she had ample opportunity to see features other than his face. See State v. Kelly, 362 So.2d 1071, 1075 (La.1978). The time between the intruder’s leaving the house and her seeing him in the police car was only a matter of a few minutes, making a misiden-tification unlikely. There was no doubt in Mrs. Rodriguez’s mind that Hays and the burglar were one and the same.
We find no error in the court’s denial of the motion to suppress, as the identification was admissible. The fact that it was based on the defendant’s shirt rather than his face goes to the weight of the evidence rather than the admissibility.

Assignment of Error No. 2:

The trial court erred in overruling defendant's objection to a hearsay statement made by the State’s witness, Patrolman Chapman, that, “... the suspect in the burglary matched the description of the suspect I had in the other incident....”
*1353 Hearsay evidence is inadmissible in a criminal trial unless it fits within a specially designated exception. LSA-R.S. 15:434. If such evidence is introduced only to show that the utterance occurred or a conversation took place and not to show the truth of the matter asserted, it is not hearsay and is admissible. State v. Ratcliff, 416 So.2d 528 (La.1982). Chapman’s statement was offered to explain why he asked Mrs. Rodriguez to view the defendant and not to show the truth of the matter asserted; therefore, it was not hearsay and was properly admitted.

Assignment of Error No. 3:

The trial court erred by overruling defendant’s objection to the admissibility of the State’s exhibits S-l, S-2, and S-3.
Exhibit S-l is an enlarged photograph of a twenty dollar bill and S-2 is a photograph of other belongings seized from the defendant during booking (small bills, change, keys, cigarettes, comb, and billfold), along with the twenty dollar bill. All the bills appear crumpled. Exhibit S-3 is not discussed in defendant’s brief. Defendant’s objection is based on lack of relevance or connexity to the case.
LSA-R.S. 15:441 provides:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
Where the evidence tends to make a fact more or less probable the relevance test is satisfied. State v. Ludwig, 423 So.2d 1073 (La.1982). Relevance is a determination that lies within the discretion of the trial judge. State v. Whittaker, 463 So.2d 1270 (La.1985).
The defendant argues that the twenty dollar bill from his pocket is not distinguishable from any other except for being crumpled, and Mrs. Rodriguez had not testified that the burglar crumpled the bill. Our review does indicate that Mrs. Rodriguez stated only that the bill was in his hand when he ran from the house. However, as in the case of State v. Scott, 454 So.2d 851 (La.App. 5th Cir.1984), where clothing, a gun, and cash were seized in an armed robbery case, the evidence is connected to the defendant and it falls to the jury to determine the weight of the evidence in relation to the crime charged. It serves to corroborate the victim’s identification of the accused and does not represent an abuse of discretion.

Assignment of Error No. 4:

No rational trier of fact, giving every favorable inference to all of the evidence adduced by the State, could have found defendant guilty beyond a reasonable doubt.
In assessing the sufficiency of evidence, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 490 So.2d 255 (La.1986) cert. denied, Williams v. Louisiana, — U.S. - 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987).
The defendant in this case was convicted of simple burglary of an inhabited dwelling in violation of R.S. 14:62.2 which is “the unauthorized entry of any dwelling, house, or apartment or other structures used in whole or in part as a home or place of abode with the intent to commit a felony or any theft therein ...”
Accordingly, the State must prove that the defendant entered without authority Mrs. Rodriguez’s house with the intent to commit a felony or theft therein.
Also, under Jackson v. Virginia, supra, rationale, the State is required to negate any reasonable probability of an incorrect identification. State v. Knox, 472 So.2d 170 (La.App. 5 Cir.1985). The certainty with which Mrs. Rodriguez made her identification of the defendant within minutes of the burglary of her home convinces us that the state proved that the defendant *1354 made an unauthorized entry into an inhabited dwelling.
The second element, intent to commit a felony or theft, was also proved by the state. Specific criminal intent exists “when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” LSA-R.S. 14:10. In this case the defendant picked up a purse and a twenty dollar bill from the dining table and ran away with the bill, clearly a set of circumstances from which intent to commit a theft may be inferred. State v. Wade, 462 So.2d 243 (La.App. 4th Cir.1984).
The evidence, viewed in the light most favorable to the prosecution, is sufficient to support a conviction for simple burglary of an inhabited dwelling beyond a reasonable doubt.

Assignment of Error No. 5:

The trial court erred in not conducting the jury poll regarding the verdict in accordance with law.
La.C.Cr.P. art. 812 provides for the oral and written polling of the jury, at the discretion of the judge. Oral polling consists of the clerk's calling each juror by name and asking, “Is this your verdict?” Written polling of the jury requires that each juror be given a slip of paper containing his name and the words, “Is this your verdict?”
In this case, in response to defendant’s counsel’s request, the trial judge asked the jurors who voted guilty to raise their hands. The judge named the two jurors who had not raised their hands, and after a second showing of hands he dismissed the jury. Counsel made no objection to this manner of polling. As he did not, the procedure is not subject to review on appeal. State v. Gardette, 352 So.2d 212 (La.1977); La.C.Cr.P. art. 841.
For the reasons assigned above, the conviction appealed from is affirmed.
AFFIRMED.