1GOTHARD, Judge.
Defendant, Joseph “JoJo” F. Brown, was charged by grand jury indictment with second degree murder of Amy Celestine, a violation of LSA-R.S. 14:30.1. He pled not guilty. After a trial, the jury returned a verdict of guilty as charged. Defendant filed a motion for post verdict judgment of acquittal and a motion for new trial. The trial court denied defendant’s motions. Defendant was thereafter sentenced to the mandatory sentence of life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. Defendant now appeals, urging two assignments of error. For the following reasons, we amend, and as amended, affirm.

FACTS

At trial, Nelson Robinson testified that on May 22, 1992, he and defendant were riding near the Boutte project in a vehicle driven by Robinson. The men saw Amy Celestine, a woman they both knew. Defendant asked Robinson to stop, and Robinson complied. Defendant got out, talked with Amy, and offered her a ride. She ^accepted and entered the vehicle. While driving, Robinson stopped to urinate. When Robinson left the car, defendant and Amy also exited the vehicle. They walked about fifteen feet down the road and talked. When Robinson got back into the car, he heard them arguing. Robinson then saw Amy try to pull away from defendant, heard a gun shot and saw Amy fall to the ground. Defendant pulled Amy by her hair to a secluded spot, turned her over with his foot and shot her in the left side of her head from about a foot away. Defendant then pointed the gun at Robinson and threatened to kill him. Defendant said he killed Amy because she was trying to have him and “his old lady” removed from the housing project. When defendant reentered the car, he had scratches on his face.
About 6:30 a.m. that morning, a- motorist saw the victim’s body and informed the police. A forensic pathologist for the coroner’s office testified at trial that the gunshot to the left side of the victim’s head was the fatal wound. Analysis of the fingernail scrapings from the victim indicated the presence of human blood, but the sample was not sufficient for further analysis.
Carolyn Ann Brown, defendant’s sister, testified at trial that she saw Amy alive about 10:00 p.m. on the night before she was found dead. Amy was getting high on crack cocaine and was having an argument with her boyfriend. Later that night, when Brown saw Robinson and defendant riding in a ear, defendant told her that he had just killed Amy. Brown admitted that she had been drinking alcohol and using drugs the night Amy was killed.
The police were unable to collect any fingerprints which could help in the investigation of the murder. However, as a result of leads, they were able to obtain a statement from Robinson. Subsequently, the police arrested Robinson and defendant. After his arrest, Robinson gave a statement implicating defendant. During his testimony at trial, Robinson denied making any deals with the prosecution and stated that he did not know when he was getting out of jail.

jaDISCUSSION

Defendant’s first assignment of error is that the trial court erred by denying defendant’s motion for a new trial based upon the discovery of new evidence. Defendant *966 contends that evidence that Nelson Robinson testified for the prosecution in exchange for a sentence of time served for his plea and conviction constitutes newly discovered evidence which warrants a new trial in this case. Defendant argues that if this evidence had been introduced during trial, the jury would not have convicted him of second degree murder.
During the cross-examination of Robinson, counsel for the the defense tried to show that an agreement had been made between Robinson and the state. However, Robinson denied such a deal. During the closing argument of the state, the assistant district attorney also denied making any plea bargain with Robinson.
LSA-C.Cr.P. art. 851(3) authorizes a trial court to grant a new trial based upon new and material evidence discovered after the original trial. Under Louisiana jurisprudence, when the motion for new trial is based on newly discovered evidence, the following four requisites must be met: 1) the evidence must have been discovered since the trial; 2) the failure to learn of the evidence at the time of trial was not due to defendant’s lack of diligence; 3) the evidence must be material to the issues at trial; and 4) the evidence must be of such a nature that it would probably produce an acquittal in the event of a retrial. LSA-C.Cr.P. art. 854; State v. Prudholm, 446 So.2d 729, 735 (La.1984); State v. Talbot, 408 So.2d 861, 884 (La.1980).
The trial court’s ruling regarding whether these requisites are found is entitled to great weight, and a denial of a motion for new trial will not be disturbed on appeal absent a clear abuse of that discretion. State v. Knapper, 555 So.2d 1335, 1339 (La.1990); State v. Williams, 580 So.2d 497, 500 (La.App. 4th Cir.), writ denied, 585 So.2d 566 (La.1991).
After a careful review of the record, we cannot say that defendant has met all the requisites for the granting of his umotion for new trial based upon newly discovered evidence. The mere fact that the witness, Nelson Robinson, entered a plea to the charge of accessory after the fact and received a sentence of imprisonment for the length of his time served, does not prove that a plea agreement was made between Robinson and the state. The “evidence” of Robinson’s plea agreement with the state is not such that we can say that it would probably produce an acquittal in the event of a retrial. Therefore, the trial court did not err in denying defendant’s motion for new trial based upon the discovery of new evidence.
Defendant’s second assignment of error is that the evidence adduced at trial was insufficient to support the conviction. Defendant argues that the only evidence was the testimony of Robinson, who testified in exchange for being released from custody. While Carolyn Brown, defendant’s sister, testified that defendant said that he killed the victim, defendant argues that Brown had given several prior statements to the police denying knowledge of the crime, that she had been drinking alcohol and using cocaine the night of the murder and defendant’s alleged statement to her, and that the police harassed her into making the statement implicating defendant.
The applicable standard for reviewing sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. State v. Sanders, 558 So.2d 785, 786 (La.App. 5th Cir.1990), writ denied, 581 So.2d 677 (La.1991); State v. Hays, 526 So.2d 1350, 1353 (La.App. 5th Cir.1988). The court on appeal will not reassess the credibility of witnesses or reweigh the evidence to overturn a factfinder’s determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984).
As previously stated, there is nothing in the record before us to substantiate defendant’s argument that Robinson testified at trial in exchange for an agreement as to his sentence. Furthermore, even if such an agreement existed, proof of the ^agreement does not positively establish that Robinson’s testimony was a fabrication. The jury is free to accept or reject the testimony of any witness. The jury obviously chose to accept Robinson’s testimony that he saw defendant kill the victim.
*967 Additionally, we note that defendant was seen by Nelson Robinson with scratches on his face immediately following the murder. Detective Canaski testified at trial that he saw scratches on defendant’s face in a photograph taken a few weeks after the murder. This testimony was pertinent to the discovery of human blood in the victim’s fingernail scrapings, supportive of Robinson’s testimony, and is circumstantial evidence supporting the guilty verdict.
For the above reasons, the trial' court did not err in denying defendant’s motions for new trial and post verdict judgment of acquittal based on sufficiency of the evidence.
LSA-C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a. mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
Upon review, we note that the commitment, the minutes and the transcript of defendant’s sentencing do not indicate that defendant was given credit for time served. LSA-C.Cr.P. art. 880 mandates that the sentencing court give defendant credit toward service of his sentence, for time spent in actual custody prior to the imposition of sentence. Since defendant was not given | sthis credit, we hereby amend the sentence to give defendant credit for time served. In all other respects, the conviction and sentence are hereby affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.