CIACCIO, Judge.
A jury found defendant guilty as charged of simple burglary of an inhabited dwelling, La.R.S. 14:62.2. The court found defendant to be a second felony offender, and under La.R.S. 15:529.1 sentenced him to serve twenty years imprisonment at hard labor. Defendant appeals with counsel filing a brief arguing three assignments of error and defendant pro se filing a supplemental brief arguing three assignments of error. We affirm the conviction and sentence.
Assignment of Error Number 1 — Defendant Pro Se
Defendant contends that the record fails to reveal that the state made an opening statement. La.C.Cr.P. Arts. 765-769. He argues that he was prejudiced because the state did not make an opening statement. The minute entry for the day of trial, however, notes that an assistant district attorney on behalf of the state made an opening statement to the jury. The record does not support defendant’s suggestion that because the state did not make an opening statement, it was not bound by the eviden-tiary limitations resulting from an opening statement and that it ultimately acted improperly. This assignment of error is without merit.
Assignment of Error Number 1 — Counsel
Here defendant contends that the trial court erred by admitting hearsay concerning a description of the suspects and their car.
Hearsay evidence is inadmissible in criminal trials except as provided by statute or *642 through jurisprudentially established exceptions. La.R.S. 15:434; State v. Brown, 395 So.2d 1301 (La.1981). Hearsay evidence is testimony in court of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted and thus resting for its'value upon the credibility of the out-of-court asserter. State v. Edwards, 406 So. 2d 1331 (La.1981); State v. Martin, 356 So.2d 1370 (La.1978). Evidence is not hearsay if introduced to show that an utterance occurred or that a conversation has taken place rather than to show the truth of the matter asserted. State v. Naas, 409 So.2d 535 (La.1981). See State v. Ratcliff, 416 So.2d 528 (La.1982).
The testimony which defendant contends is hearsay is the testimony of the officer who initially responded to a police dispatcher’s call of a burglary in progress. An anonymous caller had notified police of a suspected burglary and had provided a description of the persons whom the caller suspected and their car. This description was broadcast over police radio by the dispatcher.
When testifying to the circumstances which led to contact with defendant, the officer attempted to repeat the description he had heard broadcast over police radio. Defense counsel repeatedly objected on grounds of hearsay, and the court sustained the objections. Finally the officer testified that he stopped a vehicle which matched the broadcasted description. Counsel again objected on hearsay grounds, but the court overruled the objection.
The officer should have been permitted to repeat the broadcasted description, and his testimony that he stopped a car matching the description was properly admitted. The testimony regarding the description was not offered to prove the truth of the matter asserted; that is, to prove that the persons described were committing a burglary as witnessed by the anonymous de-clarant. Rather, the testimony was offered to establish that the description had been broadcast and that the officer had stopped the car because it fit the description. This evidence is not hearsay. Compare State v. Nelson, 524 So.2d 199 (La.App. 4th Cir. 1988), State v. Hays, 526 So.2d 1350 (La. App. 5th Cir., 1988), and State v. Parker, 506 So.2d 675 (La.App. 5th Cir.1987).
Assignment of Error Number 2 — Counsel and Defendant Pro Se
Both briefs on behalf of defendant argue that the evidence is insufficient to support the conviction. Specifically, defendant argues that the evidence fails to establish beyond a reasonable doubt that he committed an unauthorized entry, an essential element of simple burglary of an inhabited dwelling. When evaluating the sufficiency of the evidence a reviewing court must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all essential elements of the crime to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La. 1982).
To establish the crime of simple burglary the state must prove beyond a reasonable doubt that defendant, without authorization, entered the home of the victims with the intent to commit a felony or theft therein. La.R.S. 14:62.2. Or, in the instant case, that defendant’s co-defendant (the other man in the car) entered the home with the assistance of defendant, who, under La.R.S. 14:24, would be a principal to the burglary. A principal to a burglary need not enter the burglarized premises. State v. Miles, 464 So.2d 1126 (La.App. 3d Cir.1985).
Viewing the evidence in the light most favorable to the prosecution establishes the following facts. Within three to five minutes of receiving a complaint of a possible burglary in progress, the police responded to investigate. The initial investigating officers stopped defendant and another man in a car containing items which may have been stolen. Further investigation revealed that a nearby home apparently had been burglarized: the side door of the home was broken, apparently from having been forced open. Subsequent contact with the residents of this home confirmed that someone had unauthorizedly, forcibly entered the home and stolen some of the *643 victims’ possessions previously contained therein. The victims identified the items found in the car as some of their property which had been stolen from their home.
Defendant correctly contends that there is no direct evidence that he unauthorizedly entered this home. Either direct or circumstantial evidence may prove the essential elements of the crime. As to circumstantial evidence, however, the rule is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. This rule is not a separate test from the review standard established by Jackson v. Virginia, above, but rather is an evidentiary guideline which facilitates appellate review of the sufficiency of the evidence. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Wright, 445 So.2d 1198 (La.1984). Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Porretto, above.
We conclude that the evidence in this case excludes every reasonable hypothesis of innocence, and is sufficient under the Jackson standard. Defendant correctly argues that the unexplained possession of property stolen in a burglary does not create a presumption that the possessor was the burglar. See State v. Brown, 445 So.2d 422 (La.1984); State v. Searle, 339 So.2d 1194 (La.1976); State v. Nelson, 487 So.2d 695 (La.App. 5th Cir.1986). There is no indication, however, that the jury in this case relied on such a presumption, and in our sufficiency review we have not relied on such a presumption. We conclude that the proof, beyond a reasonable doubt, of defendant’s extremely close proximity in time and space to the burglary and the items stolen, leads to only one reasonable conclusion: defendant is guilty of simple burglary of the victims’ home.
Assignment of Error Number 3 — Counsel and Defendant Pro Se
Both briefs on behalf of defendant attack the sentence imposed by the court, arguing that the court failed to comply with the La.C.Cr.P. Art. 894.1 sentencing guidelines and imposed an excessive sentence.
On the basis of the conviction alone the trial court sentenced defendant to serve twelve years. No transcript of that sentencing appears in the record. We, therefore, do not know whether the court complied with La.C.Cr.P. Art. 894.1.
Subsequently, the state charged defendant with being a second felony offender, having been previously convicted of attempted simple burglary, and requested that he be sentenced in conformity with La.R.S. 15:529.1. After a hearing the court adjudicated defendant a second felony offender. Under La.R.S. 15:529.1 defendant, as a second felony offender, faced a range of sentence of a minimum of four years to a maximum of twenty-four years.
Defendant had been convicted of attempted simple burglary and has now been convicted of simple burglary of an inhabited dwelling. The record supports a sentence which would not deprecate the seriousness of defendant’s crime. We do not find the sentence of twenty years to be apparently severe. We, therefore, do not find any abuse of the court’s sentencing discretion.
DECREE
For the reasons assigned we affirm defendant’s conviction and sentence.
AFFIRMED.