600 So.2d 919 (1992)
STATE of Louisiana
v.
Ronald L. SMITH.
No. 91-KA-1040.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
*921 M. Craig Colwart, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant, appellant.
Harry F. Connick, Dist. Atty. of Orleans Parish, Hans P. Sinha, Asst. Dist. Atty., New Orleans, for plaintiff, appellee.
Before BYRNES, CIACCIO and WALTZER, JJ.
WALTZER, Judge.
On October 15, 1987 defendant, Ronald Smith, was charged with armed robbery and attempted first degree murder. LSA-R.S. 14:64; 14:27(30). A jury found him guilty as charged on both counts. Defendant filed a motion for a new trial. He was then sentenced to 35 years of hard labor on each count and moved for an appeal. The State filed a motion to amend the sentence to be served without benefit of probation, parole or suspension of sentence. Defendant appealed to this Court on September 28, 1988 raising six assignments of error. On that appeal, this Court found the trial court in error for sentencing the defendant prior to ruling on the merits of his motion for a new trial. State v. Smith, 553 So.2d 934 (La.App. 4th Cir.1989). Because the error was patent on the face of the record, this Court never addressed the remaining merits of the assignments of error raised by the defendant. The trial court on remand denied defendant's application for new trial, and proceeded to sentence him to thirty-five (35) years of hard labor without benefit of probation, parole, or suspension of sentence on the conviction for armed robbery, and thirty-five (35) years of hard labor for the attempted first degree murder conviction. This Court is now able to review the assignments of error, which have been restated in this appeal.
Defendant Ronald Smith was charged with shooting Allen Labostrie twice while in the process of stealing his watch and wallet. In the hospital, Labostrie named one Gerald Williams as the assailant. Labostrie at trial did not remember giving that name to the police, but did remember stating that a man known as "Smokey" was the assailant. Labostrie had known "Smokey" for several years, though never by his real name, and positively identified Ronald Smith, the defendant, as "Smokey" the assailant. At trial, in order to show a reason why the victim might falsely and purposely name the defendant, defense attorneys attempted to establish the victim's drug association with certain people from California who had been threatening the victim and that a dead woman was found in his apartment before the incident. Defendant raises eight assignments of error in his appeal.[1]
Defendant's first assignment of error on appeal is that he was impermissibly denied the right to present a defense. The defendant states that two incidents at trial hindered his defense. First, the trial court sustained the State's objection when defense counsel asked Labostrie on cross examination if he had had "trouble with people from California who threatened him." No grounds were given for the objection, nor did the trial court state reasons for sustaining the objection. However, defense counsel laid no foundation for the *922 question. Furthermore, the defendant was amply able and did show, during his own testimony, the victim's connection with a drug culture in California.
The second incident which defendant alleges impermissibly hindered his defense was that the trial court sustained the State's objection to defendant's testimony about a dead girl in Labostrie's apartment. Again, the record reveals that no foundation had been laid by defense counsel showing any connection between that incident and the crime at trial. The trial court was therefore warranted in sustaining the State's objection to such testimony.
The defendant's second assignment of error on appeal is that the trial court improperly charged the jury when defining reasonable doubt. The trial court gave the following instruction.
A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt, such a doubt as a reasonable person would entertain. It is a serious doubt for which you could give a good reason.
In the recent Supreme Court decision Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), a somewhat similar jury charge was found unconstitutional. While this jury charge contains the same "actual or substantial doubt" found questionable, it does not contain the objectionable "grave uncertainty" and "moral certainty" present in the Cage charge. This Court has recently found a jury charge using "grave uncertainty" acceptable in defining reasonable doubt. State v. Hawkins, 593 So.2d 820 (La.App. 4th Cir. 1992). While this Court then pointed out that the Hawkins charge lacked the phrase "actual substantial doubt" found objectionable in Cage, the purpose of reviewing a jury charge on reasonable doubt is to ensure that the trial judge did not overstate the degree of doubt required. While "actual or substantial doubt" is not the best language in defining a reasonable doubt, such an instruction does not rise to the unconstitutional level present in Cage.
The defendant next raises an argument that the state knowingly used perjured testimony. This claim is unsupported in the record, and the assignment of error is meritless.
In his fourth assignment of error, defendant argues he was denied effective assistance of counsel. He claims his attorney waived his rights to a motion to suppress evidence, proceeded to go to trial without the police report, failed to get inculpatory or exculpatory evidence, failed to get documents requested in defendant's pro se motion for production, failed to investigate, assisted the state in suppressing impeachment evidence, failed to introduce character evidence and believed defendant was guilty at their first meeting.
Generally, the issue of ineffective assistance of counsel is more properly raised in an application for post-conviction relief to be filed initially in the trial court where a full hearing can be held. State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986) writ den. 533 So.2d 10 (1988); State v. Prudholm, 446 So.2d 729 (La.1984). However, where the appeal record discloses sufficient evidence upon which to make a finding of counsel's effectiveness, such a decision may be made on appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Petta, supra at 392. As the record before us is insufficient to review the particular claims raised by the defendant, the ineffective assistance of counsel claim must be raised in an application for post-conviction relief wherein an evidentiary hearing can be held regarding defendant's allegations.
Defendant in his fifth assignment of error claims that he was denied police reports which might have been helpful to his defense. In the initial police report, Labostrie told the police that he had been shot by Gerald Williams. In a supplemental report, Labostrie stated that he was shot by "Smokey". Defendant filed a pro se motion for production of documents. Defendant states in his pro se brief that he did not receive the police reports until he was resentenced in 1988.
*923 C.Cr.P. art. 716 provides in part that a defendant may have access to any materials "which are favorable to the defendant and relevant to the issue of guilt or punishment." In Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963), the Supreme Court held that the Fourteenth Amendment mandates that the prosecution must disclose to the defense evidence favorable to the defendant if such evidence is material to his guilt or punishment and if the evidence, if suppressed, would deprive him of a fair trial. The Supreme Court later set the standard for determining when evidence is material to the defendant's guilt or punishment, stating that evidence is material when there exists a "reasonable probability" that the outcome of the proceeding would have been different if the evidence had been disclosed to the defense. U.S. v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); State v. Rosiere, 488 So.2d 965 (La.1986).
In Smith's case, the State should have provided the report to the defendant in that evidence that the victim first gave another name as the perpetrator was exculpatory for the defendant. However, given the error, there does not appear a reasonable probability that the outcome of the proceeding would have been different had the evidence been disclosed. First, the victim testified that he never knew the defendant's legal name. As such, when he first gave the name of Gerald Williams, he may have thought that was the defendant's real name, thereby not exculpating the defendant. Moreover, the victim fully explained at trial that he was not fully conscious after the shooting and that he did not even remember first giving the name of Gerald Williams. Upon gaining full consciousness, the victim named Smokey, and positively identified him out of a line up. The victim had known the defendant for many years prior to the crime and the chance of misidentification is almost nonexistent. The victim's mother confirmed the story that the defendant called her house the night of the crime and that the victim left to pick him up. Given the weight of the evidence against the defendant, this Court cannot conclude that the police report with the initial name given would arise to a reasonable probability of a different outcome to the trial.
In his sixth assignment of error, the defendant argues that he was denied the right to represent himself. The defendant filed several motions pro se to serve as co-counsel. While a defendant may be entitled to a pro se defense if he chooses one, the Louisiana Supreme Court has clearly stated that "while an indigent defendant has a right to counsel as well as the opposite right to represent himself, he has no constitutional right to be both represented and representative." State v. Bodley, 394 So.2d 584, 593 (La.1981). In addition, the trial court was not required to hold a hearing on the motions. State v. McCabe, 420 So.2d 955 (La.1982). This assignment is therefore without merit.
In defendant's seventh assignment of error, defendant claims that the trial court improperly refused to issue two subpoenas duces tecum he sought pro se. The first subpoena was for the victim's records from the psychiatric ward of Charity Hospital, which the defendant argues would have proven that the victim was schizophrenic. The defendant never filed a motion for the second subpoena, but in a letter to his attorney he requested the victim's arrest record from California. The trial court did not respond to either request. However, as stated above, because the defendant was represented by counsel, the trial court was obligated to respond only to motions and requests submitted by defendant's counsel and not motions filed by the defendant pro se. There is no indication from the record that defendant's attorney filed a motion for either request. The trial court was therefore under no obligation to rule on motions that were not properly before it.
The defendant's eighth assignment of error is that the prosecution of both the armed robbery and the attempted first degree murder charge, which used armed robbery as the underlying offense constituted a violation of double jeopardy. It is well settled law that double jeopardy bars *924 conviction for both felony murder and the underlying felony, in this case, armed robbery. Neville v. Butler, 867 F.2d 886 (5th Cir.1989); State v. Jackson, 548 So.2d 57 (La.App. 3rd Cir.1989); State v. Rogers, 462 So.2d 684 (La.App. 4th Cir.1984), writ den. 478 So.2d 899 (La.1985).
In order to remedy the violation of double jeopardy resulting from convictions of attempted first degree murder and armed robbery, it is necessary to affirm the conviction with the most severe actual sentence and vacate the attempted first degree murder conviction. State ex rel. v. Adams v. Butler, 558 So.2d 552 (La.1990).
For these reasons, the conviction and sentencing for attempted first degree murder is vacated, the conviction for armed robbery is affirmed, and the case is remanded for resentencing.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.
NOTES
[1] Six of the assignments in error were raised by defendant pro se.