642 So.2d 252 (1994)
STATE of Louisiana
v.
Michael JONES.
No. 94-KA-0187.
Court of Appeal of Louisiana, Fourth Circuit.
August 17, 1994.
*253 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
LOBRANO, Judge.
The defendant, Michael Jones, was charged by bill of information with armed robbery and attempted first degree murder, violations of LSA-R.S. 14:64 and LSA-R.S. 14:27, 14:30. A jury found the defendant guilty of armed robbery and attempted manslaughter. He was sentenced to fifteen years at hard labor on each count with the stipulation that the sentence for the armed robbery conviction is to be served without benefit of parole, probation or suspension of sentence. The sentences are to run concurrently with each other and with his sentence being served for his conviction in Criminal District Court case number 331-236. Defendant was granted an out of time appeal.
On November 18, 1988, at approximately 10:30 p.m., Officer Mark McCraney of the New Orleans Police Department responded to a call of a shooting on Erato Street. He met with the victim, Danny Jones, who had sustained a gunshot wound to his left hip. The victim told Officer McCraney that he and Denise Miller were walking to the Melpomene Housing Development that evening when the defendant approached them and asked the victim if he had a light. The defendant started to walk away and then turned around and pulled out a gun and pointed it at them. When the defendant put the gun to the victim's head, Miller fled. The defendant then pushed the victim into a hallway and told him to hand over his money. The victim gave him thirteen dollars and told the defendant that he had no more money. The defendant kept insisting that the victim had more money in a pouch he was carrying. When the victim denied having any more money, the defendant shot him in the hip. The defendant aimed the gun to shoot again at which time the victim threw the pouch at him. The defendant fled.
The victim chased the defendant until the defendant fired another shot at him which missed. The victim ran to a relative's apartment nearby. He called the police from the apartment. While sitting in a car waiting for a family friend to take him to the hospital, the victim saw the defendant enter another apartment in the area. He called the police again with this information. The victim was taken to a hospital and treated. The police apprehended the defendant at the apartment he was seen entering and he was brought to the hospital and identified by the victim as the perpetrator.
Miller testified that the defendant pointed a gun at them but she did not witness the robbery or shooting because she had fled the scene before these crimes occurred.
The defendant offered a different version of the events of November 18, 1988. He testified that he had known Danny Jones for about six months and saw him that day. According to the defendant, Danny Jones asked him to sell some crack cocaine for him. When Danny Jones asked the defendant for the money from these sales later that night, he became enraged when the defendant told him that he did not have all of the money. The defendant stated that Danny Jones pulled out a gun and the defendant then lunged at him. During a struggle, the gun discharged once striking Danny Jones. The defendant testified that he grabbed the gun and fled. He denied that Denise Miller was with Danny Jones when he saw Jones that night.
In reviewing the record for errors patent, we have discovered that defendant's sentence of fifteen years for his attempted *254 manslaughter conviction exceeds the maximum permissible sentence for such a conviction of ten and one-half years according to the statutes in effect at the time of this crime. Therefore, the sentence for this conviction must be vacated and this case remanded for resentencing on that conviction.
In his sole assignment of error, the defendant argues that his sentences for convictions of both armed robbery and attempted manslaughter violate the constitutional prohibition against double jeopardy. Defendant was charged with attempted first degree murder and armed robbery. If he had been convicted as charged, his convictions would have constituted a violation of double jeopardy because proof of the commission of an underlying felony (the armed robbery) would have been an essential element for an attempted first degree murder conviction and the armed robbery conviction would have required no further element of proof. State v. Smith, 600 So.2d 919 (La.App. 4th Cir. 1992), writ denied, 625 So.2d 1031 (La.1993). However, because the defendant was convicted of armed robbery and the responsive verdict of attempted manslaughter, the issue is whether or not these convictions constitute double jeopardy even though they required different elements of proof.
Although we have not addressed this issue in a published opinion, other circuits differ in their analysis of the problem.
In State v. Bradford, 514 So.2d 534 (La. App. 3rd Cir.1987), writ denied, 523 So.2d 226 (La.1988); cert. denied in Bradford v. Louisiana, 488 U.S. 835, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988), the defendant was charged with attempted first degree murder and attempted armed robbery. He was convicted of attempted armed robbery and the responsive verdict of attempted manslaughter. The Third Circuit held that because convictions of attempted first degree murder and attempted armed robbery [the charged offenses] would have constituted double jeopardy, his convictions, which included a responsive verdict (attempted manslaughter) violated double jeopardy.
In State v. Powell, 598 So.2d 454 (La.App. 2nd Cir.1992), writ denied, 605 So.2d 1089 (La.1992), the defendant was charged with armed robbery and attempted second degree murder. He was convicted of armed robbery and the responsive verdict of aggravated battery. The Second Circuit found that although double jeopardy did not bar the prosecution of both the attempted second degree murder and armed robbery charges, the convictions constituted double jeopardy because the same evidence was used to convict the defendant on both charges even though the offenses of armed robbery and aggravated battery included different elements.
We decline to follow the holding in State v. Bradford, supra. Instead, we adopt the "same evidence" test which provides:
"If the evidence required to support a finding of guilt of one crime would also have supported a conviction for the other, the two are the same under a plea of double jeopardy, and the defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for a conviction, not all the evidence introduced at trial." State v. Powell, supra at 469.
The "same evidence" test is broader in concept than the Blockburger test which was approved by the U.S. Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The central idea is that one should not be punished twice for the same course of conduct. See, State v. Vaughn, 431 So.2d 763 (La.1983).
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. R.S. 14:64. The pertinent section of the manslaughter statute defines this crime as a homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. R.S. 14:31. An attempt is defined as any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be *255 immaterial whether, under the circumstances, he would have actually accomplished his purpose. R.S. 14:27. An essential element of attempted manslaughter is the specific intent to kill. See, La.R.S. 30.1(A)(1).
In the instant case, the evidence established that the armed robbery occurred when the defendant pointed a gun at the victim and told him to surrender his money. The attempted manslaughter[1] occurred when the defendant shot the victim after the victim gave his money to the defendant and insisted he had no more and then attempted to shoot him again but missed. The elements of each crime were proven with different evidence. Thus, the defendant is not being punished twice for the same offense. Because the evidence showed that two separate crimes occurred which could have each been proven without any evidence as to the other, no double jeopardy violation occurred.
For these reasons, we affirm both convictions and the sentence for the armed robbery conviction. We vacate the sentence for the attempted manslaughter conviction and remand this case for resentencing on that conviction.
CONVICTION AND SENTENCE FOR ARMED ROBBERY AFFIRMED; CONVICTION FOR ATTEMPTED MANSLAUGHTER AFFIRMED; SENTENCE FOR ATTEMPTED MANSLAUGHTER VACATED, AND REMANDED.
NOTES
[1] The defense neither raised as an assignment of error nor briefed the argument of sufficiency of the evidence to support a manslaughter conviction and did not make a contemporaneous objection to the legislatively approved responsive verdict of attempted manslaughter.