647 So.2d 1244 (1994)
STATE of Louisiana
v.
Willie J. WILLIAMS.
No. 92-KA-2080.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*1245 Harry F. Connick, Dist. Atty., Mark Pethke, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
Appellant, Willie Williams, was charged by grand jury indictment with aggravated kidnapping (count one), aggravated crime against nature (count two), and attempted armed robbery (count three). At arraignment on September 11, 1989, Williams pled not guilty. On March 5, 1991, appellant filed motions to quash counts one and three. Both motions were denied on April 17, 1991.[1]
Jury trial commenced on August 26, 1991 and concluded on August 27, 1991. As to count one, appellant was found guilty of attempted aggravated kidnapping. On counts two and three, he was found guilty as charged. On April 28, 1992, appellant was sentenced on counts one and two to serve forty years at hard labor, without benefit of *1246 parole, to run concurrently. On count three, appellant was sentenced to serve fifteen years at hard labor, without benefit of parole, to run consecutively to the sentences in counts one and two. Appellant's oral motion for appeal was also granted.
The State filed a multiple bill of information charging appellant as a third offender. A hearing on the multiple bill of information began on September 24, 1992 and resumed on October 23, 1992. On October 23, the trial court found appellant to be a third offender and vacated the sentences previously imposed. Appellant was resentenced on counts one and two to serve forty years at hard labor, without benefit of parole, to run concurrently. On count three, appellant was resentenced to serve fifteen years at hard labor, without benefit of parole, to run consecutively to the sentences in counts one and two.

FACTS
On March 24, 1989 at approximately 7:00 P.M., appellant went to the apartment of Seconda Johnson alleging that he was having car trouble and asking if he could use her telephone. Ms. Johnson knew appellant because they attended the same church, Christian Faith Temple. Ms. Johnson explained to the appellant that her phone was disconnected and offered him the use of her car. Ms. Johnson felt comfortable offering the use of her car because appellant and his wife had borrowed Ms. Johnson's car once before. After agreeing to use her car, appellant asked whether a female friend that had accompanied him could wait in the apartment until he returned. Ms. Johnson acquiesced.
Appellant returned to the apartment approximately twenty-five minutes later appearing upset. He asked Ms. Johnson whether she had any money; Ms. Johnson responded no. Appellant's female companion at that point departed the apartment, leaving appellant and Ms. Johnson alone. The two talked for a while, discussing problems appellant was having at home and financially. Appellant stood to hug Ms. Johnson and when she pulled away, appellant put a brown paper bag containing a knife to her neck and demanded money. Having no cash in her possession, Ms. Johnson offered to write appellant a check. When Ms. Johnson went into her bedroom to retrieve her purse, appellant followed her, removing the knife from the brown paper bag he had been holding to her neck.
The two then returned to the living room, at which time Ms. Johnson wrote a check payable to appellant. He refused this check, had Ms. Johnson tear it up, and write a new check payable to herself. He then instructed her to get dressed so that they could go cash the check.[2] Appellant followed Ms. Johnson into the bedroom and told her to take her clothes off. He pulled his pants down and ordered her to have oral sex with him. She began to gag, and he instructed her to get on the bed, and "open herself up to him." After touching only her legs, he told Ms. Johnson to get dressed so they could leave.
Ms. Johnson and appellant drove to a nearby Canal Villere to cash the check. Ms. Johnson testified that she assumed that once the check was cashed, appellant would leave and she could go home. While in the check cashing line, Ms. Johnson could not locate her driver's license so appellant led her down an aisle towards the back of the grocery store. Fearing that no one would be at the back of the store and that appellant might try to harm her, she threw everything down and ran though the store screaming for help.
Detective Thaddeus Zeno was off duty and shopping at Canal Villere when the incident occurred. He saw Ms. Johnson crying hysterically and pointing towards appellant who was exiting the store. Detective Zeno pursued the subject and alerted the detail officer, William Suhre, outside concerning the incident that had just occurred inside the store. Although both officers pursued appellant, he was not apprehended. Appellant was subsequently arrested at his home on April 10, 1989 by detective Gerard Dugue.

ERRORS PATENT REVIEW AND ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, appellant asserts that the trial court erred in adjudicating him as a multiple offender on all three *1247 counts. State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). In its brief, the State concedes this error. Accordingly, we must remand this matter to the trial court for an adjudication and sentencing as an habitual offender on one conviction only.
The record also shows one additional error patent. Appellant was sentenced on the attempted aggravated kidnapping charge to forty years at hard labor without benefit of parole. Although under La.R.S. 14:44, aggravated kidnapping, the trial court is required to impose the sentence without benefit of parole, under the attempt statute, La. R.S. 14:27(D)(1), there is no requirement that the sentence imposed be served without benefit of parole. Accordingly, we amend the sentence to delete the prohibition against parole. C.Cr.Pro. Art. 882.
ASSIGNMENT OF ERROR 1:
In his first assignment of error appellant asserts that the principles of double jeopardy prevent a conviction on both attempted armed robbery and attempted aggravated kidnapping. We disagree.
The Double Jeopardy Clause of the United States Constitution protects against multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1960). In determining whether convictions violate double jeopardy prohibitions, the Louisiana Supreme Court has utilized both the test enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and the "same evidence" test, although in recent years, it principally has relied upon the "same evidence" test. State v. Miller, 571 So.2d 603 (La.1990). In State v. Knowles, 392 So.2d 651 (La.1980), the court summarized these rules as follows:
[Under Blockburger] "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not...."
* * * * * *
The "same evidence" test depends upon the proof required to convict, not the evidence actually introduced at trial ... Thus, if the evidence necessary to support the second indictment would have been sufficient to support the former indictment, double jeopardy prohibits the second prosecution. Id. at 654 (quoting Blockburger, 284 U.S. at 304, 52 S.Ct. at 182).
In State v. Michael Jones, 94-KA-0187 (La.App. 4th Cir. 8/17/94), 642 So.2d 252, this Court adopted the "same evidence" test in determining if a defendant's convictions constituted double jeopardy:
"..., we adopt the `same evidence' test which provides:
`If the evidence required to support a finding of guilty of one crime would also have supported a conviction for the other, the two are the same under a plea of double jeopardy, and the defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for a conviction, not all the evidence introduced at trial.' (citation omitted)
The `same evidence' test is broader in concept than the Blockburger test which was approved by the U.S. Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180 [76 L.Ed. 306] (1932). The central idea is that one should not be punished twice for the same course of conduct. See, State v. Vaughn, 431 So.2d 763 (La.1983)."
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64. Aggravated kidnapping is the doing of any of the following acts with the intent to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
1) The forcible seizing and carrying of any person from one place or another; or
2) The enticing or persuading of any person to go from one place to another; or

*1248 3) The imprisoning or forcible secreting of any person. La.R.S. 14:44.
An attempt is defined as any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. La.R.S. 14:27.
In the instant case, the evidence established that an attempted armed robbery occurred when defendant pulled his knife, placed it at the victim's throat and demanded cash. When the defendant forced the victim at knifepoint to the Canal Villere store to cash a check, that constituted aggravated kidnapping. Even though defendant was convicted of the lesser included offense of attempted aggravated kidnapping, the element of "forcible seizing and carrying of any person from one place to another," was a necessary element of his conviction.[3] Thus, the evidence used to convict defendant of attempted armed robbery when he demanded something of value at knifepoint would not be sufficient to support the attempted aggravated kidnapping conviction. Double jeopardy is not applicable.
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR
By this assignment of error, appellant asserts that trial counsel was ineffective for failing to conduct a follow-up inquiry concerning the granting of the motion to quash count three of the indictment on March 5, 1991, and subsequently failing to object to the admission of evidence of the quashed count at trial. We find no merit in this assignment of error.
A claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief, initially filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Reed, 483 So.2d 1278, 1280 (La.App. 4th Cir.1986). Nevertheless, if the record contains sufficient evidence to resolve the issue, the matter may be considered on direct appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444, 449 (La.1983).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119, 125 n. 9 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. State v. Petta, 496 So.2d 390, 392 (La.App. 4th Cir.1986). Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal.
Here, it appears that although the trial court granted the motion to quash count three of the indictment on March 5, 1991, it later decided to reverse itself following a hearing on the motion on April 17, 1991. Accordingly, defendant's claim of ineffective assistance of counsel is without merit.

CONCLUSION
For the above reasons, defendant's convictions are affirmed. Defendant's sentence for attempted aggravated kidnapping is amended to delete the prohibition against parole. Defendant's sentence pursuant to R.S. 15:529.1 is vacated and the matter is remanded *1249 for adjudication and sentencing as an habitual offender on one conviction only.
CONVICTION AFFIRMED; SENTENCE AMENDED; REMANDED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissenting in part:
I concur with the majority's error patent review and its analysis of assignment of error number two and the pro se assignment error. However, I disagree with the conclusion that there was no double jeopardy violation in this case and thus respectfully dissent on that issue.
The majority is correct in its recitation of the legal precepts concerning double jeopardy. Applying those precepts to the facts of this case leads me to find that appellant was, in fact, subjected to a double jeopardy violation.
Appellant was convicted of attempted aggravated kidnapping and attempted armed robbery. The crimes are defined as follows:
Aggravated Kidnapping: Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
La.R.S. 14:44.
Armed Robbery: Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
La.R.S. 14:64(A).
Appellant argues that both crimes involved a single armed demand for money and a demand that the victim escort the appellant to a grocery store to cash the check. The State counters that the appellant completely ignores the first incident in which the victim wrote a check payable to appellant that he refused. The State argues that at that point, the crime of attempted armed robbery was complete and that the later seizure of the victim for the purpose of obtaining cash at the supermarket was a distinct and separate crime.
I conclude that under the "same evidence" test, as applied to the particular facts of this case, charging appellant with both aggravated kidnapping and armed robbery violates his protection against double jeopardy. The critical issue under the same evidence test is whether the evidence required to support a conviction of one crime would also have supported a conviction of the other crime. If so, the convictions violate double jeopardy. State v. Steele, 387 So.2d 1175, 1177 (La. 1980).
As appellant points out, proof of the attempted aggravated kidnapping (i.e., the taking of the victim at knifepoint to the grocery store to cash the check in hopes of securing release) sufficed to prove the attempted armed robbery. The State's argument that the later seizure of the victim for the purpose of obtaining cash constituted a separate crime appears attenuated especially in light of the fact that the armed robbery was never completed. Accordingly, I find that under the "same evidence" test, appellant's convictions on both charges violates his constitutional right against double jeopardy. Contra State v. Roblow, 623 So.2d 51, 56 (La.App. 1st Cir.1993) (finding no double jeopardy violation in prosecution for aggravated kidnapping and armed robbery where "[p]roof of each of the offenses ... required the presentation of additional facts which were not required for proof of the other offense"). Accordingly, I respectfully dissent from that portion of the majority opinion.
NOTES
[1] The record shows a judgment signed by the trial court on March 5, 1991 granting the motion to quash count three of the indictment. It appears the trial court subsequently held a hearing on the motions and overruled its prior decision.
[2] Ms. Johnson had just finished bathing prior to appellant's initial arrival at her apartment.
[3] The fact that the crime may have been proven at trial does not preclude a conviction for attempt of the crime. La.R.S. 14:27(C).