JiCIACCIO, Judge.
Defendant, Howard L. Williams, was charged by bill of information with two counts of simple burglary, violations of La. R.S. 14:62. He pleaded not guilty. The trial court found probable cause and denied the defendant’s motions to suppress the statement and evidence. After trial, a six-member jury found him guilty as charged on each count. The trial court sentenced defendant to serve six years at hard labor in the Department of Corrections on each count, the sentences to run concurrently. On that same day the State filed a multiple bill, and defendant pleaded guilty to it. The trial court then found defendant to be a second felony offender; the trial court vacated the sentence imposed on count one and sentenced him on that count to serve six years at hard labor in the Department of Corrections as a second offender under La. R.S. 15:529.1. The sentences are to run concurrently.
Defendant appealed.
Officers Tyronne Martin and Brenda Bev-ley were working an overtime detail for the casino on October 26, 1995, about 8 p.m., when they received a call that a suspicious person was breaking into a white vehicle in the 300 block of O’Keefe Street. Once there, they saw no one, and they asked the dispatcher for a description of the person. The dispatcher responded that the person was a black man wearing blue jeans and carrying two plastic bags. The officers drove a few blocks to Lafayette and O’Keefe Street where they saw a man ^matching the description given and carrying one plastic bag and a shoulder bag. (At trial both Officers Martin and Bevley identified the defendant as the man seen carrying the plastic bag). When stopped, the man told them that the things in the plastic bag were his own; the bag contained tennis rackets, a cellular tele *206 phone, a charger, silverware, and other items. The officers detained him, placed him in the police car, and returned to the 300 block of O’Keefe Street. There they observed a white Oldsmobile and also a burgundy Taurus with broken windows. Both vehicles showed signs of theft in that the glove compartments were open and papers were tossed about on the seats and floors. Officer Martin said he arrested the defendant at that point.
Sam Robinovitz testified that he parked his white Oldsmobile on O’Keefe Street to go to the symphony on the evening of October 26, 1995. When he walked back to the car about 10 p.m., he noticed police light flashing behind his car. An officer informed him that his car had been broken into, and he saw that the right front vent window was broken, the glove compartment was open, and some items were missing. A yellow towel used to keep the steering wheel from getting too hot was gone as well as some cassette tapes. When a policeman showed him some property, Mr. Robinovitz identified the towel and cassette tape as his; he said that sunglasses were also taken from the car and they were not found. Mr. Robinovitz did not give Mr. Williams permission to go into his car or to have possession of the items taken from his car.
Ms. Cheryl Maracich, the owner of the burgundy Taurus, testified that she too had gone to the symphony on October 26, 1995, after parking her car on O’Keefe Street. When she returned, she saw glass shattered from the rear passenger window and police officers near her car. She said her cellular telephone, a charger, two tennis rackets, felt bags for silver, flat silverware, a flashlight, an umbrella, and clothing were missing from her car. Ms. Maracich 1 gdid not give Mr. Williams permission to go into her car or to take any of her possessions.
Joseph Davis, who works for the Hibernia Bank Parking Service at 825 Union Street, testified for the defense that on October 26, 1995, he saw Howard Williams late in the afternoon. Mr. Davis said that Mr. Williams was not carrying anything at that time.
Howard Lee Williams took the stand and denied breaking into the two automobiles. He said when he was arrested he had on a green shirt with bold white letters not a blue shirt as the police report had stated. He was carrying one plastic bag and one shoulder bag. Mr. Williams admitted a 1979 conviction for theft and a 1993 conviction for possession of crack cocaine. Mr. Williams was not working at the time of this incident because of a work-related accident last May, and he was receiving no Workmen’s Compensation benefits. He said he was living with his sister at the time of this incident and that he had a claim pending concerning his accident. Mr. Williams explained possessing the items in the bags as follows: the tennis rackets and shirts he bought from a man on Canal Street who sold them to him for eight dollars; the towel, tape, telephone, charger, silverware and other items, he found on the sidewalk on O’Keefe Street; the panty hose he purchased for his sister at a shop near Saks Fifth Avenue for $17 [1], although he had no receipt. Mr. Williams said he bought the tennis rackets and shirts about twenty-five minutes before he found the items on the street and that he was carrying them when he spoke to Mr. Davis.

Errors Patent

I4A review of the record for errors patent reveals none.

Assignments of error

The defendant makes two assignments of error: (1) the trial court erred in denying his motions to suppress the evidence and statement, and (2) the State failed to prove the defendant was guilty of auto burglary beyond a reasonable doubt.

Denial of the Motions to Suppress the Evidence and the Statement

The defendant argues that the trial court erred in denying his motions to suppress the evidence and statement obtained when he was stopped, searched and arrested without probable cause.
A law enforcement officer has the right to stop a person in a public place based on a reasonable suspicion that the person is corn- *207 mitting, has committed or is about to commit a criminal offense. He is allowed to frisk a person’s outer clothing for a dangerous weapon. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jones, 93-1685 (La.App. 4 Cir. 7/27/94), 641 So.2d 688.
Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have “articulable knowledge” of specific facts which, in conjunction with reasonable inferences, provide reasonable grounds to suspect the person detained of criminal activity. State v. Flowers, 441 So.2d 707 (La.1983), cert denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Rodriguez, 396 So.2d 1312 (La.1981); State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991).
Probable cause for an arrest exists when facts and circumstances known to the officer are sufficient to justify a man of ordinary caution in the belief that the person to be arrested has committed a crime. State v. Wilson, 467 So.2d 5503 (La.1985), cert denied 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Hampton, 508 So.2d 135 (La.App. 4th Cir.1987).
It is not a prerequisite for a finding of probable cause that the police know at the time of the arrest that a particular crime has definitely been committed. While knowledge of the commission of a crime is frequently an important factor in the determination of probable cause, probable cause may exist when the commission of a crime has not been definitely established. It is sufficient that it be reasonably probable that a crime has been committed under the totality of the known circumstances. State v. Simms, 571 So.2d 145 (La.1990). While it takes more and better evidence to provide probable cause when the police do not know a crime has been committed, probable cause is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Drott, 412 So.2d 984 (La.1982); State v. Hebert, 95-1645 (La.App. 3rd Cir. 6/5/96) 676 So.2d 692, writ denied 96-1736 (La. 10/11/96), 680 So.2d 643.
Officer Martin clearly had reasonable grounds to make a stop and to interrogate the person detained. He saw the defendant, who matched the description of the suspicious person he received from his radio, only a few minutes after he received the description and only three blocks from the site of the auto break-in. The defendant was carrying a plastic bag as the informer had described. When asked what was in the bag, the defendant answered that the contents belonged to him. The officer looked into the bag to see tennis rackets, a cellular telephone and charger, audio tapes, and a towel.[2]
16The defendant contends the officers had no right to search the plastic bag. The First Circuit decided in a very similar ease that where an officer had reasonable cause for a Terry stop, he could search a plastic bag in a defendant’s control. In State v. Payne, 489 So.2d 1289, 1292 (La.App. 1st Cir.1986), writ denied 493 So.2d 1217 (La.1986), a police officer on patrol learned an armed robbery had occurred and that the robber might be carrying a plastic bag. A man was observed in the area of the robbery riding a bicycle with a white plastic bag attached to the rack. On appeal, the First Circuit declared that the search of the white plastic bag was within the scope of search allowed under Terry. The First Circuit relied on Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), where the Supreme Court allowed a police officer to conduct a search of the area in control of the detainee in order to protect himself from danger. Here, we find that the officers were justified in checking the plastic bag carried by the detainee in order to assure their own safety. Although the detainee in this case was not suspected of being an armed robber, he was suspected of illegal activity — breaking into an automobile — and could have had a tool or weapon to use against the police officers.
*208 The next question is whether Officer Martin’s information amounted to probable cause to arrest at the time he and Officer Bevley placed the defendant in the police car to go back to the 300 block of O’Keefe Street. Although the officer testified that he arrested the defendant after returning with him to the 300 block of O’Keefe, the defendant was restrained and unable to leave once the police officers put him into the police car. State v. Knight, 574 So.2d 483 (La.App. 4th Cir.1991). In State v. Young, 94-0187 (La.App. 4th Cir. 8/17/94), 642 So.2d 252, 258, we discussed probable cause to arrest and stated:
Each fact known to the police at the time of the arrest, |7when viewed alone, might be explained consistently with innocence. However, probable cause will not be defeated simply because innocent explanations for an activity can be imagined. La-Fave, Search and Seizure § 3.2(e) (1987). Probable cause exists if a “succession of superficially innocent events had proceeded to the point where a prudent man could say to himself that an innocent course of conduct was substantially less likely than a criminal one.” Id_ It is not a prerequisite for the existence of probable cause that the police know at the time of the arrest that a particular crime has definitely been committed. State v. Collins, 378 So.2d 928 (La.1979); State v. Drott, 412 So.2d 984 (La.1982).... [Pjrobable cause may exist when the commission of a crime has not been definitely established, but is reasonably probable under the totality of the known circumstances. Id. at 148, 149. Additionally, in Texas v. Brown, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983), the Supreme Court remarked that probable cause merely requires, “[a] “practical, nontechnical” probability that incriminating evidence is involved ... Brinegar v. United States, 338 U.S. [160 at] 176 [69 S.Ct. 1302 at 1311, 93 L.Ed. 1879]....” Id. at 742, 103 S.Ct. at 1543.
In Young, we considered that the officers, who had accumulated expertise on law enforcement through years of service, based the arrest of the defendant on their own observation of his handing a small object to another man on a street corner. We noted that the trial court evaluated the credibility of the witnesses and that the trial court’s ruling is treated with great deference on review. State v. Young, 642 So.2d at 259.
The case at bar is somewhat different from Young in that here the officers did not see Mr. Williams break into the automobiles and the defense points out they did not actually see that the cars had been entered prior to the arrest of Mr. Williams. The officers did, however, receive a call that a white car had been broken into; they arrived on the scene, noticed the car, but not the damage, and left to apprehend the offender. The officers then immediately observed Mr. Williams, who matched the description of the perpetrator, carrying bags very near the scene. They obviously had a right to stop him and ask what the bags contained. When Mr. Williams claimed the property was Ishis, and when the officers saw the property, he was arrested. The officers could have detained him while they ascertained whether cars had been burglarized on O’Keefe Street; however, the outcome would have been the same in that the defendant would have been arrested as soon as Officer Martin received word of the damage to the cars. Here as in Young, every innocent explanation of defendant’s conduct appears substantially less likely than the criminal explanation.
The defense argues that this case is similar to State v. Raheem, 464 So.2d 293 (La.1985), where an informant’s tip led police to stop three persons riding in a Cadillac; the police searched one of the women’s purses to find controlled dangerous substances. The Supreme Court held that probable cause did not exist to search the woman’s purse because even though the police had a tip that the people riding in the Cadillac were selling-drugs, the police had no evidence of any illegal activity and the informant did not state the source of his knowledge. Moreover, the controlled substances were inside a cookie box within Ms. Raheem’s purse; the substances were not obvious. Raheem can be distinguished from the case at bar in that here someone saw an illegal activity, a suspicious person breaking into a white ear in the 300 block of O’Keefe Street. When the police stopped the defendant who matched the *209 description given of the suspicious person, Mr. Williams was carrying a large bag containing tennis rackets, a cellular telephone, its charger, and cassette tapes. Officer Martin stated that Mr. Williams was arrested because “he appeared to be a homeless person, and it wasn’t consistent, the stuff he had, the silverware and that type of stuff, wasn’t consistent with a person that’s homeless and ... sleeps on the streets.”.
We find that the trial court correctly found probable cause — defined as what is “reasonably probable under the totality of the circumstances” — based on 19the evidence the police had, their experience, and the credibility of Mr. Williams. Hence, the trial court was correct in denying the defendant’s motions to suppress the evidence and the statement.

Sufficiency of the Evidence

The defendant next argues that the State failed to prove beyond a reasonable doubt that he committed an unauthorized entry, an essential element of simple burglary. When evaluating the sufficiency of the evidence a reviewing court must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all essential elements of the crime to have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Duncan, 94-1045 (La.App. 4th Cir. 12/28/94), 648 So.2d 1090, writ denied 95-0662 (La. 6/30/95), 657 So.2d 1028.
In establishing the crime of simple burglary, the state must prove beyond a reasonable doubt that a defendant, without authorization, entered the cars of the victims with the intent to commit a felony or theft therein. La. R.S. 14:62.
Viewing the evidence in the light most favorable to the prosecution establishes the following facts. Within minutes of receiving a complaint of a person breaking into a white car in the 300 block of O’Keefe Street, the police responded to investigate. The investigating officers stopped Howard Williams within three blocks of that site. Mr. Williams matched the description the officers had received by radio, and he was carrying an unlikely conglomeration of objects. The victims identified the items found in the bags Mr. Williams was carrying as their property which had been stolen from their cars.
The defendant correctly contends that there is no direct evidence that he entered the cars without authorization. Either direct or circumstantial evidence may prove the essential elements of the crime. With circumstantial evidence hothe rule is: “assuming every fact to be proved' that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. This rule is not a separate test from the review standard established by Jackson v. Virginia, but rather it is an evidentiary guideline which facilitates appellate review of the sufficiency of the evidence. State v. Jacobs, 504 So.2d 817, 820 (La.1987). Ultimately, to support a conviction, the evidence, whether direct or circumstantial or both, must be sufficient under Jackson to satisfy any rational trier of fact that the defendant is guilty beyond a reasonable doubt. Id.; State v. Hawkins, 90-1235 (La.App. 4th Cir. 9/15/95), 667 So.2d 1070, writ granted on other grounds 96-0766 (La.9/13/96), 679 So.2d 97, and affirmed by 96-0766 (La.1/14/97) 688 So.2d 473.
We conclude that the evidence in this case excludes every reasonable hypothesis of innocence and is sufficient under the Jackson standard. The defense correctly maintains that simple possession of property stolen in a burglary does not create a presumption that the possessor was the burglar. See State v. Brown, 445 So.2d 422 (La.1984); State v. Searle, 339 So.2d 1194 (La.1976); State v. Causey, 533 So.2d 1050 (La.App. 4th Cir.1988); State v. Nelson, 487 So.2d 695 (La.App. 5th Cir.1986). There is no indication, however, that the jury in this case relied on such a presumption, and our sufficiency review can be satisfied without such a presumption.
In three similar cases where only circumstantial evidence linked the defendant to the burglarized site, we found sufficient evidence to affirm the simple burglary convictions. In State v. Causey, 533 So.2d 1050 (La.App. 4th Cir.1988), the investigating officer received word of a food store burglary; when he arrived on the scene he saw the defendant *210 about fifteen feet away carrying a big box containing several bottles of liquor. The defendant tried to hide the box when he noticed the officer. In his testimony, the defendant said | nhe got the liquor from a man selling it on the street. As in the case at bar, in Causey no direct evidence linked the defendant to an unauthorized entry into the store. Yet we found that the totality of the evidence viewed in the light most favorable to the prosecution was sufficient to satisfy the elements of the simple burglary statute beyond a reasonable doubt.
Similarly, in State v. Johnson, 530 So.2d 641, 643 (La.App. 4th Cir.1988), writ denied 538 So.2d 608 (La.1989), when an officer received word of a home burglary in process, the officer went to the scene and stopped the defendant and another man in a car in which items taken from the home were found. In Johnson, we concluded that the “proof, beyond a reasonable doubt, of defendant’s extremely close proximity in time and space to the burglary and the items stolen, leads to only one reasonable conclusion: defendant is guilty of simple burglary of the victims’ home.”
Again in State v. Simpson, 447 So.2d 98 (La.App. 4th Cir.1984), the investigating officers received word of a car burglary in a disco parking lot. Once there, the officers saw two men near their own ear which was filled with auto stereo equipment; nearby stood a Buick Regal open and ransacked. The two defendants both testified they had seen a man running from their own car before the police arrived. We did not agree with the defendants’ version of events and found on circumstantial evidence that the men were thieves.
In the case at bar, as in the eases above, in view of the defendant’s proximity in time and space to the site of the crime, his similarity to the perpetrator, and his credibility, we can only reasonably conclude that the defendant is guilty of simple burglary of two automobiles.
Accordingly, for the above reasons, the defendant’s convictions and sentences are affirmed.

AFFIRMED.

JONES, J., dissents with reasons.

. Neither Mr.. Rabinovitz nor Ms Maracich claimed the panty hose.

. Many more items were found when the officers went through both bags and spoke with the victims. The officers initially saw only the large items Mr. Williams was carrying in the garbage bag.