# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2011

No. 09-30164
Summary Calendar

Lyle W. Cayce
Clerk

DARREN WILLIAMS,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:07-CV-4148

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Darren Williams ("Williams") appeals the district court's denial of his petition for a writ of habeas corpus. The district court concluded that Williams was not entitled to relief on his challenges to the sufficiency of the evidence or on his claim that his trial counsel was ineffective. On appeal, Williams argues that the district court erred in holding that: (1) the evidence was sufficient to support his convictions for simple burglary and attempted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

simple burglary; and (2) his counsel was not ineffective for failing to seek a special jury charge on the offense of illegal possession of stolen things. For the reasons set forth below, we conclude that the district court's judgment must be AFFIRMED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Early in the morning on March 3, 2002, a caller reported a possible prowler in a rural neighborhood in Bogalusa, Louisiana. At approximately 3:30 a.m., a police officer spotted a lone man, later identified as Williams, walking along the road and carrying a large shopping bag. After the officer called for backup, he decided to stop Williams and ask him a few questions; however, by the time the officer had driven around the block, Williams had disappeared. The officer spotted Williams several minutes later, stopped him, and checked the shopping bag for weapons. In the bag, he found a cell phone, car stereo, screwdriver, cell phone charger, and some rolled and loose change.

After advising Williams of his *Miranda*[1] rights, the officer questioned Williams about the contents of the bag. Williams claimed that the cell phone was his and that the car stereo belonged to his sister. Williams was not able to provide the phone number for the cell phone, tell the officer the brand of the radio, or list any of the names stored in the phone. After discovering an unrelated warrant for Williams's arrest, the officer took Williams into custody.

At the police station, another police officer called one of the numbers stored in the cell phone and discovered that the phone belonged to a man named Mike Seals ("Seals"). The officer called Seals to advise him that the police had his phone. When police officers visited Seals, he identified the phone and told the officers that it had been taken out of his Ford truck that was parked a few hundred yards away from the location where the officer initially spotted

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 09-30164

Williams.  Seals confirmed that he did not give Williams permission to enter his truck.

After visiting Seals, the officers continued their investigation by driving through the neighborhood near where Williams had been spotted and where Seals's car had been parked.  The officers saw a Dodge Neon with its dome light on, and when one officer approached the vehicle, he saw that a car stereo had been removed from the vehicle.  The officers also saw a Toyota truck nearby with its door open.  Both vehicles were within several hundred yards of where Williams was initially spotted.  When the officers interviewed the owner of the Dodge Neon and the Toyota truck, the owner confirmed that the car stereo was missing and identified the stereo.  He was not able to identify anything missing from his Toyota truck.  The owner stated that he did not know Williams, nor did he give Williams permission to enter his vehicle.

The State of Louisiana charged Williams with three counts of simple burglary.  At his criminal trial, Williams testified that he had been visiting a female friend and that he left her home on foot at approximately 2:00 a.m.  He stated that while he was walking, he saw a young man with whom he had been previously incarcerated and that he took the shopping bag from the young man.  Williams was unable to provide the man's name.  Williams stated that he suspected the bag contained stolen goods and that he threatened to call the police if the young man did not give him the shopping bag.  Williams testified that he wanted to sell the contents of the bag to buy drugs.

The jury convicted Williams of two counts of simple burglary and one count of attempted simple burglary.  On direct appeal, Williams challenged the sufficiency of the evidence with respect to his conviction for simple burglary of the Toyota truck, arguing that nothing was stolen from the truck, no one saw him enter the truck, and nothing was found in his possession that connected him

3

No. 09-30164

to the truck. The state appellate court agreed and reversed his conviction as to that count; however, it affirmed his conviction as to the other two counts.

Williams then filed a state habeas application, arguing that: (1) the evidence was insufficient to support his convictions; and (2) his counsel was ineffective for failing to request a special jury charge on the offense of illegal possession of stolen things. The trial court denied his application without a written opinion. The state appellate court also denied his application, stating that Williams "failed to include the necessary documentation, including any pertinent transcripts and minute entries, and any other documentation that might support his claims, in order for this Court to review the merits of his application."[2] *In re Williams*, No. 02-CR10 84016 (La. Ct. App. May 15, 2006). The Louisiana Supreme Court issued a one-word denial of Williams's application. *In re Williams*, No. 2006-KH-1603 (La. Mar. 30, 2007).

After the state courts denied his application, Williams filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Louisiana, raising the same issues that he raised in the state post-conviction proceedings. The district court denied Williams's application on the merits, but granted a certificate of appealability ("COA") on issue of whether the evidence was sufficient to support his simple burglary conviction. Williams appealed to this court and sought an expansion of the COA, which was granted as to the remaining issues.

## II. STANDARD OF REVIEW AND JURISDICTION

Williams filed his application for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and his

---

[2] While we are not entirely convinced that the state courts resolved Williams's habeas application on the merits, we find it unnecessary to address this issue because we deny his petition under 28 U.S.C. § 2254(b)(2). Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

No. 09-30164

application is subject to AEDPA's standards.  AEDPA requires that federal courts defer to a state court's decision on the merits in a state habeas proceeding unless the state court's decision was: "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." *Beazley v. Johnson*, 242 F.3d 248, 255 (5th Cir. 2001) (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998)).

The district court had jurisdiction to hear Williams's § 2254 petition pursuant to 28 U.S.C. § 2241, which provides that a petition "may be filed in the district court for the district wherein such person is in custody . . . ."  28 U.S.C. § 2241(d).  We have jurisdiction because this is an appeal from a final judgment of a district court within this circuit in a habeas corpus proceeding and because we granted a COA.  *See* 28 U.S.C. §§ 2253(a), (c)(1)(A).

## III.  DISCUSSION

### A.    Sufficiency of the Evidence

The Supreme Court set out the test for analyzing constitutional challenges to the sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307 (1979).  In *Jackson*, the Supreme Court noted that the Due Process Clause of the Fourteenth Amendment guarantees the right to be free from criminal conviction "except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt as to the existence of every element of the crime." *Id.* at 316.  The Court held that a petitioner is entitled to relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.

5

No. 09-30164

Williams relies on state law requiring that if circumstantial evidence is used to support a conviction, "it must exclude every reasonable hypothesis of innocence." LA. REV. STAT. ANN. 15:438 (2005).  However, to the extent that this statute imposes a heavier burden than *Jackson*, we need not consider it on federal habeas review.  *See Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990) (noting that "in challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof").

Williams does not suggest that the evidence was insufficient to prove that *someone* committed the offenses of simple burglary and attempted simple burglary; rather, he disputes that the evidence was sufficient to show that *he* was that person.  He points out that no one witnessed him in or near either the Dodge Neon or the Ford truck; the fingerprints found on the vehicles did not inculpate him; and one hour had passed between the time the caller reported a prowler and the time that the police officer first spotted Williams.  Additionally, he points to the testimony of the truck's owner that the rolled coins in Williams's possession did not belong to him.  Williams argues that this evidence is consistent with his defense that he merely possessed the stolen items.

We conclude that the evidence was sufficient to convict Williams of simple burglary and attempted simple burglary. Williams was spotted walking in close proximity to the vehicles that were burglarized.  Additionally, the police officers testified that to get from the place where Williams was first seen to the place where he was stopped, he would have had to cut through various yards.  The jury could have reasonably inferred that he was attempting to avoid detection by the police.  *See State v. Fuller*, 418 So. 2d 591, 593 (La. 1982) ("Flight and attempt to avoid apprehension indicates consciousness of guilt, and therefore, is one of the circumstances from which a juror may infer guilt.").  The evidence also establishes that the shopping bag carried by Williams contained items

6

No. 09-30164

stolen from the Dodge Neon and the Ford truck.  The jury was entitled to discredit Williams's testimony that he took the bag of stolen goods from someone with whom he was previously incarcerated because Williams was unable to provide a name or any other specific evidence to identify the unknown man. Further, Williams's testimony that he knew that the property in the bag was stolen contradicted the police officer's testimony that Williams told the officer that the cell phone was his and that the stereo belonged to his sister.  This evidence, though circumstantial, is constitutionally sufficient to support the jury's conclusion that Williams committed the offenses.  Therefore, we deny Williams's sufficiency of the evidence claims on the merits.

B.    Ineffective Assistance of Counsel

Williams argues that his counsel was ineffective for failing to request a jury charge on the offense of illegal possession of stolen things, which carries a lower maximum sentence than simple burglary.[3]  The Supreme Court set out the test for analyzing claims for ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel was ineffective within the meaning of the Sixth Amendment, a petitioner must show that: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687. Williams claims that illegal possession of stolen things is a lesser-included offense of simple burglary.  Although due process may require a lesser-included offense instruction, that is so only "if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." *See, e.g.*, *Hopper v. Evans*, 456 U.S. 605, 612 (1982).

---

[3] The crime of illegal possession of stolen things carries a penalty of up to ten years. LA. REV. STAT. ANN. § 14:69 (1998).  The penalty is significantly less if the value of the property is under $500.00. *Id.*  The crime of simple burglary carries a maximum penalty of twelve years.  LA. REV. STAT. ANN. § 14:62 (1998).

7

No. 09-30164

As the district court correctly noted, however, illegal possession of stolen things is *not* a lesser-included offense of simple burglary. *See* LA. CODE CRIM. PROC. ANN. art. 814(44) (1998 & Supp. 2010).[4] Indeed, Article 814 provides that "[t]he *only* responsive verdicts which may be rendered when the indictment charges" the defendant with simple burglary are: (1) guilty; (2) guilty of attempted simple burglary; (3) guilty of unauthorized entry of a place of business; (4) guilty of attempted unauthorized entry of a place of business; and (5) not guilty.[5] *Id.* (emphasis added). By the plain language of Article 814, no other responsive verdicts may be rendered. *Id.*; *see also State v. Square*, 433 So. 2d 104, 109 (La. 1983) ("While the trial court may 'exclude' one of the listed responsive verdicts [under art. 814], it cannot add to their number.").

While it is clear that the trial judge could not have charged the jury on illegal possession of stolen things under Article 814, Williams argues that his counsel could have requested a jury charge under Article 807 of the Louisiana Code of Criminal Procedure, which provides that

> [t]he state and the defendant shall have the right before argument to submit to the court special written charges for the jury. . . . A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. . . .

LA. CODE CRIM. PROC. ANN. art. 807 (1998). Williams correctly notes that a charge is "pertinent" if it is supported by the evidence. *State v. Miller*, 338 So. 2d 678, 681 (La. 1976). He alleges a jury charge on this separate offense is

---

[4] While Article 814 has been amended in other respects, the version of paragraph 44 in effect at the time of Williams's conviction is identical to the current version.

[5] This article also applies to bills of information, *see State v. Beavers*, 364 So. 2d 1004, 1009 (La. 1978), which was the method used to charge Williams.

"pertinent" because the evidence supports a finding that he committed the crime of illegal possession of stolen things.[6]

While we agree that the evidence supports a finding that Williams could have been found guilty of illegal possession of stolen things, he was not so charged in the bill of information. Williams could not have been convicted of a crime with which he was not charged and which was not a lesser-included offense of the crime charged. *See State v. Booker*, 385 So. 2d 1186, 1191 (La. 1980) ("It is a violation of due process either to send an accused to prison following conviction of a charge on which he was never tried or to convict him upon a charge that was never made."); *State v. Brown*, 684 So. 2d 521, 523 (La. Ct. App. 1996) ("[The Louisiana Supreme Court's decisions in] *Vincent* and *Thibodeaux* suggest that if a verdict convicts the defendant of a crime for which he was not charged and which is not a lesser-included offense, that non-responsive verdict should be rejected and is grounds for reversal."). Therefore, we need not decide whether a jury charge on the crime of illegal possession of stolen things would be "pertinent," because we conclude that it would not be "correct" under Article 807 to give such a charge.

To the extent that Williams argues that his counsel was ineffective for failing to request an instruction requiring the jury to find Williams not guilty of the charged offense even if it found him guilty of another crime (here, illegal possession of stolen things), we conclude that his argument fails. The trial judge specifically instructed the jury as follows: "Remember the accused is on trial only for the offense charged. You may not find him guilty of this offense merely

---

[6] Williams admitted at trial that he suspected that the property in the bag had been stolen. Louisiana Revised Statute Section 14:69 defines illegal possession of stolen things as the "intentional possessing, procuring, receiving, or concealing anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses." LA. REV. STAT. ANN. § 14:69 (1998).

because he may have committed another offense." Therefore, Williams failed to establish that he was prejudiced by his counsel's failure to seek such an instruction.

Because Williams's counsel could not have obtained a jury instruction on the crime of illegal possession of stolen things under either Article 807 or 814, we conclude that failing to request such a charge did not render his performance deficient. Therefore, we reject Williams's claim that his counsel was ineffective.

## IV.  CONCLUSION

The district court's denial of habeas relief is AFFIRMED.