BROWN, Chief Judge.
 

 hA jury convicted defendant, Randy Thompson, of simple burglary, a violation of La. R.S. 14:62. He was subsequently sentenced to serve ten years at hard labor with credit for time served. He has appealed claiming that there was insufficient evidence to convict for simple burglary and that the ten-year sentence is unconstitutionally harsh and excessive. We affirm.
 

 Facts
 

 The trial testimony showed that:
 

 On September 23, 2009, at 3:00 a.m., Captain Richard Fuller of the Monroe Police Department stopped and questioned defendant, Randy Thompson, who at the time was riding a bicycle in the 2700 block of Breard Street in Monroe. Thompson was wearing a backpack. After obtaining defendant’s name, Captain Fuller discovered that Thompson had an active warrant for failure to appear. Captain Fuller called for backup and Corporal Jeremy Sturdivant responded. Thompson was arrested. A search of Thompson’s backpack revealed a case containing a pool stick, two screwdrivers, several CDs, a CD case, and registration and insurance papers for a Chevrolet Blazer owned by Jonathan Norbert. The registration and insurance papers were inside the CD case. At Thompson’s request, the items were released to his godparent, Willie Cook, who resides at 310 Cedar Street in Monroe. Defendant was staying with Cook, and the house was about a quarter of a mile from the scene of the stop. Prior to leaving the items with Cook, Corporal Sturdivant took a written inventory.
 

 Later that evening, during his shift’s daily briefing, Officer Sturdivant was informed of a vehicular burglary at John’s Automotive involving aRyictim named Jonathan Norbert. Thereafter, Officer Stur-divant went back to Willie Cook’s house and retrieved the backpack and the items contained therein and logged them into evidence. At the conclusion of his shift the next morning, Officer Sturdivant briefed Detective Mark Johnson about the arrest of defendant and the vehicular burglary.
 

 Officer Mickey Tucker of the Monroe Police Department testified that on September 23, 2009, at 9:00 a.m. he responded to a vehicular burglary complaint at John’s Automotive on North Stanley Road in Monroe. When Officer Tucker arrived, he found a Chevrolet Blazer with a broken window. The vehicle’s glove box and console were open. He was unable to find the registration and ran the license plate number. Officer Tucker then found that the Blazer was registered to Jonathan Norbert. Officer Tucker testified at trial, utilizing a demonstrative map, that Thompson was arrested in the vicinity of John’s Automotive.
 

 Jonathan Norbert testified at trial that he received a phone call from his mechanic, John Wilson, around 10:00 a.m. on September 23, 2009. Wilson informed Norbert that someone had broken into his vehicle. Norbert had been in contact with Wilson every day since he left his vehicle at the shop. When Norbert arrived at John’s Automotive, he noticed that his pool cue and case, CDs, and CD visor case were missing. His vehicle registration and insurance card were also missing. He identified the items recovered from defendant’s backpack.
 

 Detective Mark Johnson went to the Richwood Correctional Center and met with defendant. After being informed of and waiving his
 
 Miranda
 
 Rrights, defendant claimed that he won the CDs and CD case while playing a street game of poker. However, Thompson could not give Detec
 
 *980
 
 tive Johnson the name of any of the other card players, nor could he recall the exact location of the game. When questioned about the registration and insurance documents, Thompson responded that the police had planted the items in his backpack.
 

 Detective Johnson contacted Norbert at his place of employment so that he could identify his stolen property. Norbert identified the CDs, CD case, pool cue and case, registration, and insurance card as his, but he stated that the screwdrivers were not. Detective Johnson testified that he had investigated approximately 30 burglaries where individuals used screwdrivers to break into cars.
 

 Following Detective Johnson’s testimony, both the state and the defense rested. The jury found Thompson guilty as charged of simple burglary.
 

 On December 14, 2010, Thompson’s sentencing hearing was conducted. The trial court noted its review of the factors listed in La. C. Cr. P. art. 894.1 and stated that it had received and considered a presentence investigation (PSI) report for Thompson. The PSI revealed that Thompson had been convicted of six felonies, including the instant charge. The trial court also noted Thompson’s personal history (his family ties, employment record, age and education). The trial court found that there was an undue risk that Thompson would commit another crime if not incarcerated, and that a lesser sentence would deprecate the seriousness of the crime. The |4trial court then sentenced Thompson to ten years at hard labor, with credit for time served. He was ordered to pay court costs, or in default thereof to serve an additional 90 days in jail. The trial court further ordered Thompson to pay Norbert $150.00 in restitution.
 

 Sufficiency of the evidence
 

 Thompson alleges that there was insufficient evidence to convict him of simple burglary. In support, Thompson argues that there was no direct evidence that he broke into Norbert’s vehicle, but only direct evidence that he was in possession of stolen property. There was no indication that the screwdrivers found in Thompson’s backpack were used to break into Norbert’s vehicle. Thompson also contends that the exact time of the burglary was not established and that the area where Norbert’s vehicle was parked was a high crime area. Thompson points out that there were no fingerprints or DNA evidence obtained from the vehicle. Thompson alleges that the state failed to exclude the reasonable hypothesis that someone else broke into Norbert’s vehicle and that Thompson won the stolen property in a poker game.
 

 Simple burglary is defined in La. R.S. 14:62 as the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in La. R.S. 14:60.
 

 Under
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in a light most |fifavorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Id.; State v. Tate,
 
 01-1658 (La.05/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 05-0477 (La.02/22/06), 922 So.2d 517;
 
 State v. Brooks,
 
 45,778 (La.App.2d Cir.03/02/11), 58 So.3d 506.
 

 
 *981
 
 A reviewing court may intervene in the trier of fact’s decision only to the extent necessary to guarantee due process of law.
 
 State v. Pigford, supra.
 
 Accordingly, in cases relying on circumstantial evidence to prove one or more elements of the crime, when the fact-finder reasonably rejects the hypothesis of innocence advanced by the defendant at trial, that hypothesis fails, and the verdict stands unless the evidence suggests an alternative hypothesis sufficiently reasonable that rational jurors could not find proof of the defendant’s guilt beyond a reasonable doubt.
 
 Id.; State v. Braziel,
 
 42,668 (La.App.2d Cir.10/24/07), 968 So.2d 853.
 

 When viewed in the light most favorable to the prosecution, the evidence presented at trial was sufficient to convict Thompson of simple burglary. Norbert’s vehicle was found with a broken window around 9:00 a.m. on September 23, 2009. Norbert, who had been in daily contact with the mechanic working on his vehicle, was not notified of any burglary prior to that morning. At 3:00 a.m. on September 23, 2009, Captain Fuller stopped Thompson in an area close to where Norbert’s vehicle was | Rburglarized. After he was arrested on an active warrant, a search of Thompson’s backpack revealed that he was in possession of several items, including CDs, a CD case, a pool cue, and vehicle registration and insurance documents, all of which had been taken from Norbert’s vehicle. Thompson was also carrying two screwdrivers in his backpack. Police testified at trial that screwdrivers are often used to break into vehicles. The foregoing evidence was sufficient to prove that Thompson committed simple burglary.
 

 Furthermore, the jury reasonably rejected Thompson’s hypothesis of innocence. When asked by police where he had obtained the stolen items, Thompson claimed that he had won the CDs and CD case during a street game of poker. However, he could not identify where the street game was played, or who was involved with the game. He alleged that police planted the vehicle registration and insurance documents and did not provide an explanation for his possession of the pool cue. He had no explanation for the presence of the screwdrivers in his backpack.
 

 Excessive sentence
 

 Thompson also claims that the ten-year sentence imposed in this case is excessive. In support of his contention, Thompson argues that the sentence is grossly out of proportion to the severity of the crime because the property damage was estimated at only $150 and the property was worth only about $500.
 

 La. R.S. 14:62(B) provides that whoever commits the crime of simple burglary shall be fined not more than $2,000, imprisoned with or without hard labor for not more than twelve years, or both.
 

 |7The record reveals that the trial court took cognizance of the aggravating and mitigating factors listed in La. C. Cr. P. art. 894.1. Specifically, the trial court discussed Thompson’s social history including five felony convictions, his criminal record, and its finding regarding the likelihood that he would commit another crime. Given Thompson’s prior criminal record, the trial court did not commit a manifest abuse of discretion in sentencing Thompson. The sentence is not grossly disproportional to the seriousness of the offense nor is it a purposeless infliction of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993).
 

 Defendant’s conviction and sentence are AFFIRMED.