NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-889

STATE OF LOUISIANA

VERSUS

ALBERT VERNON ROBERTSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR125727
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Michael Harson
District Attorney, Fifteenth Judicial District Court
Alan P. Haney
Assistant District Attorney
P.O. Box 4308
Lafayette, LA 70502-4308
(337) 291-7009
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Albert Vernon Robertson**

**GREMILLION, Judge.**

Defendant, Albert Vernon Robertson, was observed removing change, movies, and a knife from a vehicle he did not own. He subsequently pled guilty to one count of simple burglary. Further, he plead guilty as a second habitual offender. Defendant was sentenced as a second habitual offender to serve fourteen years. Defendant filed a pro se motion seeking reconsideration of sentence which was denied by the trial court.

Defendant is before this court asserting one assignment of error. He contends that his sentence is excessive. For the following reasons, we affirm.

This court has set forth the following standard to be used when reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 001591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/10/02), 808 So.2d 331(alteration in original) (citation omitted).

We consider several factors including the nature of the offense, the circumstances of the offender, and sentences imposed for similar crimes. *See State v. Smith*, 02-719 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061. We are mindful, however, that the trial judge

"remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784, p.2 (La. 5/31/96), 674 So.2d 957, 958, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

Defendant pled guilty to simple burglary and was sentenced as a second felony offender. The applicable sentencing range was six to twenty-four years, and Defendant received a sentence of fourteen years.

Defendant contends that this sentence is excessive and cites *State v. Thompson*, 46,473 (La.App. 2 Cir. 9/21/11), 72 So.3d 978, *writ denied*, 11-2159 (La. 3/23/12), 85 So.3d 88, in support of that argument. In *Thompson*, the defendant was convicted of simple burglary and sentenced to ten years at hard labor. The second circuit found his sentence was not excessive in light of the fact that he had five prior felony convictions. This case is distinguishable, as the defendant therein was not sentenced as a habitual offender.

Defendant also contends he is not the most egregious offender and that a sentence providing less prison time and treatment for drug addiction would have been more appropriate.

The State asserts Defendant's sentencing exposure was greatly reduced, as the plea agreement called for the dismissal of three other simple burglary charges as well as a charge for theft and unauthorized use of a motor vehicle. Additionally, Defendant, by his own admission, was a sixth felony offender.

Although the minutes of court indicate that the remaining charges of simple burglary, theft of goods, and unauthorized use of a motor vehicle were dismissed, the dismissal of the charges is not found in the transcript of the guilty plea or sentencing hearing. When the minutes and the transcript conflict, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ*

2

*denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.  Thus, we will not consider any alleged dismissal of charges.

At the plea hearing, Defendant stated that he was forty-nine years old and could read and write the English language.  He later admitted that he was the same person who had been previously convicted of simple burglary.

In *State v. Sanders*, 542 So.2d 1134 (La.App. 3 Cir. 1989), this court found that a sentence of eighteen years at hard labor for a conviction of simple burglary, after the defendant was adjudicated a second felony habitual offender was not excessive.

In *State v. Jones*, 537 So.2d 848 (La.App. 5 Cir. 1989), the fifth circuit found that a sentence of fifteen years for a conviction of simple burglary after the defendant was adjudicated a second felony habitual offender was not excessive.

The trial court's sentence was not excessive.

### DECREE

Defendant's sentence is affirmed.

**AFFIRMED**.