# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #046

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **20th day of October, 2023** are as follows:

**PER CURIAM:**

2022-CK-01654      *STATE OF LOUISIANA IN THE INTEREST OF D.W.* *(Parish of St. Tammany)*

REVERSED AND REINSTATED. SEE PER CURIAM.

Genovese, J., dissents for the reasons assigned by the court of appeal.
Griffin, J., dissents for the reasons assigned by the court of appeal.

# SUPREME COURT OF LOUISIANA

## No. 2022-CK-01654

## STATE OF LOUISIANA IN THE INTEREST OF D.W.

On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of St. Tammany

**PER CURIAM:**

We granted the State's application to review the court of appeal's determination that the State failed to prove that 16-year-old D.W. was the person who entered a sheriff's vehicle and stole firearms from inside it, and therefore that the evidence was insufficient to support the delinquency adjudication for burglary involving a firearm, La. R.S. 14:62, and theft of a firearm, La. R.S. 14:67.15. After reviewing the record, we find the State presented sufficient evidence that D.W. was a principal, in accordance with La. R.S. 14:24, to these felony-grade delinquent acts regardless of whether he personally entered the vehicle and took the firearms that were inside it himself. Therefore, we reverse the ruling of the court of appeal and we reinstate the delinquency adjudication and dispositions imposed by the juvenile court, which are hereby affirmed.

In the early morning on April 23, 2021, a marked St. Tammany Parish Sheriff's Office vehicle that was parked by a deputy at 617 Bellingrath Lane in Slidell was burglarized. Several items were taken from the unit, including a police radio and tourniquet, handcuffs, a pistol, a patrol rifle, extra magazines for the pistol and rifle, an outer tactical vest, and a bullet proof vest. Police found a tourniquet and the police radio in a wooded lot adjacent to D.W.'s residence. In a search of D.W.'s residence pursuant to a warrant, police found the tactical vest.[1] In a search of D.W.'s

---

[1] The radio and vest had serial numbers, which allowed them to be identified as the ones taken from the deputy's vehicle.

phone pursuant to a warrant, police found photographs of various firearms and ammunition,[2] including a photograph of a weapon with distinctive characteristics that the deputy was able to identify as the rifle stolen from his vehicle.

The juvenile court adjudicated D.W. delinquent and imposed dispositions of 30 months in the custody of the Office of Juvenile Justice on each count. The court of appeal reversed the delinquency adjudication and vacated the dispositions. *State in the Interest of D.W.*, 2022-0188 (La. App. 1 Cir. 9/23/22), 353 So.3d 786. On appeal, D.W. contended that the State offered no direct evidence that he had entered the deputy's vehicle and taken anything from it, and the court of appeal agreed:

> While the evidence overwhelmingly showed that D.W. was in possession of some of the stolen items at issue in this case, the record is devoid of any evidence that D.W. was even at the scene of the crime to commit the unauthorized entry of [the deputy's] unit or to otherwise show that D.W. took or misappropriated items from the unit. Thus, the hypotheses of innocence, specifically, that D.W. was not at the scene of the unauthorized entry, that D.W. did not enter the unit, and that D.W. did not take anything from the unit, were not rebutted by any evidence presented at the hearing.

*Id.*, 2022-0188, p. 14, 353 So.3d at 795–96. The court of appeal also found that the State's case failed to rebut the reasonable hypothesis that someone else simply gave the stolen items to D.W., as D.W.'s younger brother had testified.

While the court of appeal is correct with regard to the direct evidence, appellate review does not necessarily stop there. The State's burden of proof in a juvenile delinquency proceeding is the same as in a criminal proceeding against an adult—to prove beyond a reasonable doubt every element of the offense alleged in the petition. *See* La. Ch.C. art. 883; *see also State in the Interest of Batiste*, 367 So.2d 784, 788 (La. 1979).[3] As the court of appeal found, the evidence that D.W. had

---

[2] Some of the ammunition was in boxes that were stamped as for law enforcement use only.

[3] Appellate courts have observed that a child adjudicated a delinquent in Louisiana is entitled to a broader scope and standard of review than the minimum required by the Due Process clause, and therefore review of a delinquency adjudication is subject not only to the "rational fact-finder" standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), but also the

possessed the stolen items was overwhelming. Furthermore, a person found in possession of stolen property close in place and time to a burglary constitutes circumstantial evidence that, while not creating a presumption,[4] can be sufficient to prove guilt of burglary.[5]

When circumstantial evidence forms the basis of the conviction, the evidence, "assuming every fact to be proved that the evidence tends to prove, in order to convict, [the circumstantial evidence] must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; *State v. Toups*, 2001-1875, p. 3 (La. 10/15/02), 833 So.2d 910, 912 (La. R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; rather it serves as a helpful evidentiary guide for jurors). Here, the State's evidence included the fact that the tactical vest stolen from the deputy's vehicle was found in the attic in D.W.'s residence, which attic was accessible from D.W.'s bedroom. However, the vest was

---

"clearly wrong/manifest error" standard applied in civil proceedings. *See State in the Interest of C.D.*, 2011-1701, pp. 5–6 (La. 7/2/12), 93 So.3d 1272, 1275–76.

[4] In *State v. Searle*, 339 So.2d 1194, 1202 (La. 1976) (on reh'g), this Court found it clear that "the due process requirement of the federal constitution obliges the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged[,] . . . and that, accordingly, a state may not shift the burden of ultimate persuasion of an essential element of the crime charged to the defendant in a criminal case." Thus, the court in *Searle* found that it would violate due process if La. R.S. 15:432, which established a legal presumption that "the person in the unexplained possession of property recently stolen is the thief," is applied to convict a defendant "upon the basis of a presumed fact which could not beyond a reasonable doubt be inferred from proven facts." *Searle*, 339 So.2d at 1205. However, possession of recently stolen property may give rise to a rational inference—but not a presumption—that a defendant committed the burglary in which the items were taken. *See State v. Johnson*, 406 So.2d 153, 155–56 (La. 1981).

[5] *See, e.g., Williams v. Cain*, 408 F.App'x. 817, 821 (5th Cir. 2011) (evidence was sufficient to support conviction for burglary where defendant was found in possession of stolen goods within hours of and a few hundred yards away from burglary); *State v. Thompson*, 46,473 (La. App. 2 Cir. 9/21/11), 72 So.3d 978, 981, *writ denied*, 2011-2159 (La. 3/23/12) (evidence was sufficient to support conviction for burglary where defendant found in possession of stolen goods within 24 hours of burglary in area close to burglary); *State v. Williams*, 96-1276 (La. App. 4 Cir. 4/9/97), 693 So.2d 204, *writ denied*, 97-1212 (La. 10/31/97), 703 So.2d 18 (evidence was sufficient to support conviction for burglary where defendant was found in possession of stolen goods within minutes of and three blocks away from burglary); *State v. Causey*, 533 So.2d 1050 (La. App. 4 Cir. 1988) (evidence was sufficient to support conviction for burglary where defendant was found in possession of stolen goods within minutes of and 15 feet away from burglary); *State v. Johnson*, 530 So.2d 641, 643 (La. App. 4 Cir. 1988), *writ denied*, 538 So.2d 608 (La. 1989) (evidence was sufficient to support conviction for burglary where defendant was found in possession of stolen goods within three to five minutes of burglary and was in vehicle that met description of burglars' vehicle).

found in a search conducted about three weeks after it was stolen.[6] The police also obtained screenshots from D.W.'s phone of several photographs, including of the rifle stolen from the deputy's vehicle. However, the State did not present evidence of any technical analysis of this data that might show when and where the photographs were taken.

The State's evidence also included texts found on D.W.'s phone, some of which included photographs of weapons (including the stolen rifle). The texts include a message in which D.W. indicated that he wanted to trade the rifle now that his brother had removed the scope from it earlier. It was sent by D.W. approximately 12 hours after the burglary. Viewing this evidence in the light most favorable to the State, it shows D.W. possessed the stolen rifle approximately 12 hours after the burglary (and likely earlier when the scope was removed). However, we need not decide if D.W.'s possession of at least one firearm stolen from the vehicle within 12 hours of the burglary was sufficiently close in time to support (in conjunction with the remainder of the evidence) a reasonable inference that D.W. was the burglar because the State also presented evidence from which it could reasonably be inferred that D.W. was a principal to crimes.

"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." La. R.S. 14:62(A). "Theft of a firearm is the misappropriation or taking of a firearm which belongs to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices, or representations." La. R.S. 14:67.15(A). "All persons concerned in the commission of a crime, *whether present or absent, and whether they directly commit the act*

---

[6] The same is true of the items found outside D.W.'s residence in the wooded lot. While the wooded lot contains a path connecting D.W.'s neighborhood to that in which the deputy's vehicle was parked, the items were not found there until three weeks after the burglary.

*constituting the offense,* aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." La. R.S. 14:24 (emphasis added).

Even if we agree with the court of appeal that the State's evidence failed to rebut the reasonable hypothesis that someone else burglarized the vehicle and gave the stolen items to D.W.,[7] there is other evidence that can transform this from a theory of innocence to one of guilt as a principal. Text messages were exchanged between D.W. and another person between 12:58 and 4:24 a.m. during the likely timeframe of the burglary. Those messages reflect D.W.'s awareness that this other person was out looking for a target. They also reflect that D.W. directed this other person to bring him whatever he was able to obtain. Taken as a whole, the State's evidence is sufficient to permit a reasonable inference that D.W., at the least, was a principal in the commission of the delinquent acts, and, thus, even if he did not himself burglarize the vehicle, he provided some direction to the person who did and then received the stolen proceeds from that person and disposed of them. Under Louisiana law neither direct commission of the crime nor presence at the scene of the crime is necessary for conviction as a principal. *See generally Whitemore v. Maggio*, 742 F.2d 230, 232 (5th Cir. 1984).

While the court of appeal here included La. R.S. 14:24 in its recitation of the law, it did not apply it to the evidence in the record. That evidence, when viewed through the due process lens of *Jackson v. Virginia*, supports the delinquency adjudications here. Accordingly, we reverse the ruling of the court of appeal and we reinstate the delinquency adjudication and dispositions imposed by the juvenile court, which are hereby affirmed.

**REVERSED AND REINSTATED**

---

[7] However, the trial court specifically rejected the testimony of D.W.'s brother in this regard as not credible.

# SUPREME COURT OF LOUISIANA

## No. 2022-CK-01654

## STATE OF LOUISIANA IN THE INTEREST OF D.W.

*On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of St. Tammany*


**GRIFFIN, J., dissents and would affirm for the reasons given by the court of appeal.**